Darlene L. RADLOFF and Gregory S. Radloff,
Plaintiffs-Respondents,

v.

GENERAL CASUALTY COMPANY OF
WISCONSIN, Herbert E. Renner, Jr., Heritage
Mutual Insurance Company, James C. Schultz,
Robert J. Beggs, and New York Life Insurance
Company, Defendants,

FARMERS INSURANCE EXCHANGE, Defendant-
Appellant.

Court of Appeals

*No. 87–2053. Submitted on briefs June 24, 1988.—Decided
September 15, 1988.*

(Also reported in 432 N.W.2d 597.)

For the defendant-appellant the cause was submitted on the briefs of *Rick Lance Packard* and *Hesslink Law Offices, S.C.,* of Madison.

For the plaintiffs-respondents the cause was submitted on the brief of *James H. Fowler, III,* of Janesville.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J. Farmers Insurance Exchange appeals from an order declaring that it lost its subrogation rights in the settlement proceeds Darlene and Gregory Radloff received on their claims arising out of an automobile accident. The Radloffs brought an action against the adverse driver and his insurance

company and joined Farmers as a party defendant, as required by sec. 803.03(2)(a), Stats., because of Farmers' subrogation rights. The issue is whether Farmers lost its rights by failing to exercise one of the three options specified in sec. 803.03(2)(b). We hold that the trial court did not abuse its discretion when it declared that Farmers lost its rights, and we therefore affirm.

Because Darlene Radloff was injured in the accident, Farmers paid $2,000 of her medical expenses pursuant to its policy on the Radloff automobile. It is undisputed that to the extent of its payment, Farmers is subrogated to the claims of Darlene and her husband, Gregory, against the adverse driver and his insurer. Although joined as a defendant, Farmers did not respond to the complaint, entered no appearance in the action and did not participate in its prosecution. In short, it did nothing.

The Radloffs settled before trial. To complete the settlement, they needed Farmers' endorsement of the settlement check. Since the Radloffs refused to reimburse Farmers for the $2,000 it had paid on Darlene's medical expenses, Farmers refused to endorse the check over to them. The Radloffs then sought the order from which Farmers appeals.

Section 803.03(2)(a), Stats., provides that a party asserting a claim for affirmative relief "shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim ...." Subsection (2)(b) provides:

> Any party joined pursuant to par. (a) may 1. participate in the prosecution of the action, 2. agree to have his or her interest represented by the

party who caused the joinder, or 3. move for dismissal with or without prejudice. If the party joined chooses to participate in the prosecution of the action, the party joined shall have an equal voice with other claimants in such prosecution. If the party joined chooses to have his or her interest represented by the party who caused the joinder, the party joined shall sign a written waiver of the right to participate which shall express consent to be bound by the judgment in the action. Such waiver shall become binding when filed with the court, but a party may withdraw the waiver upon timely motion to the judge to whom the case has been assigned with notice to the other parties. A party who represents the interest of another party and who obtains a judgment favorable to such other party may be awarded reasonable attorneys fees by the court. If the party joined moves for dismissal without prejudice as to his or her claim, the party shall demonstrate to the court that it would be unjust to require the party to prosecute the claim with the principal claim. In determining whether to grant the motion to dismiss, the court shall weigh the possible prejudice to the movant against the state's interest in economy of judicial effort.

Farmers contends that the three options listed in sec. 803.03(2)(b), Stats., are not exclusive and that it has a fourth option: do nothing and yet share in the settlement. Because sec. 803.03(2)(b) fails to state the consequence to the joined subrogee who exercises none of the listed options, we must determine whether they are exclusive.

The supreme court created sec. 803.03(2), Stats., in 1975. Wis. R. Civ. P., 67 Wis. 2d 584, 643–44 (1975). We apply the same principles when we determine the

meaning of a supreme court rule as when we determine the meaning of a statute.

The meaning of a statute is a question of law, *Matter of: Estate of Boyle v. Wickhem,* 134 Wis. 2d 214, 218, 397 N.W.2d 124, 126 (Ct. App. 1986), which we decide independently of the trial court's opinion. *Brown v. Thomas,* 127 Wis. 2d 318, 323, 379 N.W.2d 868, 870 (Ct. App. 1985). If the statute's meaning is plain, we apply the ordinary meaning of its words without resort to rules for statutory construction. *Lemon v. Federal Ins. Co.,* 111 Wis. 2d 563, 568, 331 N.W.2d 379, 381 (1983). A statute is ambiguous if reasonable persons can disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). Whether reasonable persons can disagree on that matter is a question of law. *St. John Vianney Sch. v. Janesville Ed. Bd.,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983).

Reasonable persons can read sec. 803.03(2)(b), Stats., as allowing a subrogee joined under subsec. (a) to elect one of the three listed options or a fourth do-nothing option, and if it chooses to do nothing, nevertheless share in the proceeds its insured obtains in the action. This reading is possible because subsec. (2)(b) provides that the subrogee "may" elect between the listed options and fails to spell out the consequence of the subrogee's electing to do nothing. In the absence of circumstances not claimed to be present, a subrogated insurer is entitled to reimbursement from a settlement between its insured and an adverse third

18

party.[1] *Rimes v. State Farm Mut. Auto Ins. Co.,* 106 Wis. 2d 263, 275–76, 316 N.W.2d 348, 355 (1982).

On the other hand, sec. 803.03(2)(b), Stats., shows on its face that an election by a subrogee between one of the three listed options has serious consequences. A reasonable person can understand the listed options to be the only options available to a joined subrogee, since joinder is otherwise meaningless. We conclude that subsec. (2)(b) is ambiguous.

For that reason, we turn to the rules of construction to determine the underlying intention of sec. 803.03(2)(b), Stats. *State v. Tollefson,* 85 Wis. 2d 162, 167, 270 N.W.2d 201, 203 (1978). We look to the rule's context, subject matter, scope, history and object to be accomplished, searching always for a reasonable meaning. *In Interest of I.V.,* 109 Wis. 2d 407, 409–10, 326 N.W.2d 127, 129 (Ct. App. 1982), *St. John Vianney,* 114 Wis. 2d at 151, 336 N.W.2d at 391.

The word "may" is construed as mandatory if "public interests or rights are concerned or where the public or third persons have a claim *de jure* which demands that the power should be exercised for the benefit of such right." *In re Marriage of Bouchard v. Bouchard,* 107 Wis. 2d 632, 634, 321 N.W.2d 330, 331 (Ct. App. 1982).

A public interest is present, that of economizing judicial effort. Section 803.03(2), Stats., "is intended to foster economy of judicial effort by requiring that all 'parts' of a single cause of action whether arising by subrogation, derivation, or assignment, be brought before the court in one action ...." Judicial Council

---

[1]No claim is made that the settlement failed to make the Radloffs whole.

Committee's Note—1974; Wis. R. Civ. P., 67 Wis. 2d at 645. Subsection (2)(b) itself directs the trial court, when determining whether to grant a subrogee's motion to dismiss, to "weigh the possible prejudice to the movant against the state's interest in economy of judicial effort."

Because economizing judicial effort is much in the public interest, we are at liberty to construe "may" in sec. 803.03(2)(b), Stats., to require a subrogee to elect between one of the three options, if that is the intention behind the joinder rule. We conclude that it is.

Joinder of a subrogee is mandatory. The party asserting a claim for affirmative relief *"shall"* join a party subrogated to the right of the party asserting the claim. Sec. 803.03(2)(a), Stats. (emphasis added). It is unreasonable to conclude that after joinder a subrogee can do nothing, refraining even from moving for dismissal without prejudice. That reading of the statute would prevent the trial court from weighing the state's interest in economizing judicial effort (the reason why subsec. (2)(a) exists) against the possible prejudice to the subrogee from requiring it to prosecute its claim.

We conclude that the intent of sec. 803.03(2)(b), Stats., is that if the subrogee chooses neither to participate nor to have the party which joined it represent its interests, then the trial court must be able to compel the subrogee to choose between those options or to suffer a dismissal with prejudice, i.e., lose its subrogation rights. Without that ability, the trial court cannot protect the state's interest in economizing judicial effort. To preserve that ability, the trial court must possess discretion to declare that the

subrogee who fails even to move for dismissal without prejudice has lost its subrogation rights.

Since the only error claimed regarding the trial court's declaration that Farmers lost its subrogation interest is on a point of law, and that claim has no merit, we sustain the trial court's exercise of its discretion when it entered the challenged order.

*By the Court.*—Order affirmed.