Diane M. SORGE, Plaintiff-Appellant,†

v.

NATIONAL CAR RENTAL SYSTEM, INC., The
Travelers Insurance Co., Patricia Tennes and United
Services Automobile Association, Defendants.

Court of Appeals

*No. 90-2829-FT. Submitted on briefs April 22, 1991.—Decided
April 30, 1991.*

(Also reported in 470 N.W.2d 5.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *D.J. Weis* of *Johnson, Weis, Paulson & Priebe, S.C.,* of Rhinelander.

On behalf of the nominal-defendant-respondent United Security Insurance Company, the cause was submitted on the brief of *Michael J. Stingl* of *Eckert Law Office* of Rhinelander.

On behalf of the nominal-defendant-respondent Wisconsin Physicians Service Insurance Corp., the cause was submitted on the brief of *Terry J. Booth* by co-

counsel *Theodore I. Smolker* of *Fellows, Piper & Schmidt* of Milwaukee.

On behalf of the Wisconsin Academy of Trial Lawyers, the cause was submitted on the amicus curiae brief of *Mark L. Thomsen* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE J. This case presents the issue of whether the "made whole" subrogation rule of *Rimes/ Garrity* permits insurers to seek reimbursement from an insured whose settlement with a third-party tortfeasor covered all damages less an amount subtracted for the insured's share of the causal negligence.[1] We affirm the summary judgment granting the subrogation claims. Because the insurers concede on appeal that their claims must be reduced by the percentage of plaintiff Diane Sorge's negligence, we remand solely for the purpose of establishing the extent of her negligence and a corresponding reduction in the insurers' recovery.

Sorge, injured in a two-car accident, settled her claim by stipulation with the other driver's insurer for $23,500. The stipulation provided that the payment to Sorge represented an amount "equal to what she would have received from a jury after a reasonable deduction for . . . her contributory negligence." Sorge's medical insurance carriers, United Security Insurance Company and Wisconsin Physicians Insurance Corporation, made claims against her for reimbursement of sums paid toward her medical expenses. The circuit court allowed their claims on grounds that Sorge had been made whole by her settlement and that reimbursement merely prevented Sorge from making a double recovery at the insurers' expense. Sorge argues that she can be made whole only by payment of all of her damages regardless

---

[1] This is an expedited appeal under Rule 809.17, Stats.

of her partial fault for the accident.[2] There is no explicit Wisconsin authority on this issue.

*Garrity v. Rural Mutual Ins. Co.,* 77 Wis. 2d 537, 253 N.W.2d 512 (1977), articulated the equitable principle that an insured is entitled to be "made whole" before the insurer may enforce contract subrogation rights and share in the amount recoverable from the tortfeasor. *Id.* at 538, 253 N.W.2d at 513. In *Garrity,* there was no dispute that the insured plaintiff's loss exceeded the amount recoverable under his standard fire insurance policy. The third party tortfeasor's insurer, Rural Mutual, sought a declaration of rights as between the insured plaintiff and the fire insurance company to any sums Rural Mutual might be liable to pay. Although *Garrity* denied subrogation recovery unless the insured was first made whole, the court did not have occasion to determine the meaning of that term in context of the insured's contributory negligence.

*Rimes v. State Farm Mut. Auto. Ins. Co.,* 106 Wis. 2d 263, 316 N.W.2d 348 (1982), extended the *Garrity* rule to personal injury liability policies. The *Rimes* court also rejected the insurer's argument that a general release was an affirmation that the insured had been made whole. Again the court had no occasion to determine the meaning of "made whole" in context of a contributorily negligent insured.

Although this court in *Wondrowitz v. Swenson,* 132 Wis. 2d 251, 392 N.W.2d 449 (Ct. App. 1986), implicitly held that subrogation is available where the insured's recovery is reduced by an amount attributable to his contributory negligence, it is not apparent from the decision that the issue was actually raised or argued.

---

[2]The Wisconsin Academy of Trial Lawyers appears in support of Sorge's position by an amicus curiae brief.

The insurers' claims here should be recoverable under the equitable principles discussed in *Rimes* and *Garrity.* The purpose of the subrogation doctrine is to avoid unjust enrichment. *Garrity,* 77 Wis. 2d at 541, 253 N.W.2d at 514. In context of insurance payments, the purpose of subrogation is to prevent a double recovery by the insured. *Rimes,* 106 Wis. 2d at 272, 316 N.W.2d at 353. The entire law of subrogation is based upon equitable principles. *Id.* at 271, 316 N.W.2d at 353.

Sorge's recovery is reduced because of her contributory negligence. At common-law, a party's contributory negligence acted as a total bar to recovery of damages. Prosser & Keeton on the Law of Torts, ch. 11 (5th ed. 1984). Wisconsin was one of the first jurisdictions to abolish this inequity and modified the rule to permit recovery based upon comparative fault beginning in 1931. Section 895.045, ch. 232, Laws of 1931. Thus a negligent insured is made whole in terms of equity when she receives payment for that percentage of her damages for which she was not at fault. When an injured party receives all the damages to which she is legally entitled, she would be unjustly enriched if allowed to keep her damage payment and the medical payments from her insurer as well.

*Rimes* stated:

> Under circumstances where an insured has received full damages from the tortfeasor and has also been paid for a portion of those damages by the insurer, he receives double payment—he has been made more than whole. Only under those circumstances is the insurer, under principles of equity, entitled to subrogation.

626

*Id.* at 272, 316 N.W.2d at 353. We conclude that "full damages" within the meaning of this rule refers to all damages that the insured is entitled to when considering the comparative negligence statute.

Another recent decision of this court, *Oakley v. Fireman's Fund,* 157 Wis. 2d 77, 459 N.W.2d 461 (Ct. App. 1990), is cited by amicus as implicit authority for the requirement that the insured must recover her "actual loss" or "net loss" before subrogation rights apply. We disagree. In *Oakley,* the injured insured sought a share of his attorney fees incurred in pursuing his claim against the third party tortfeasor to be deducted from his insurer's subrogation claim. This court granted that request on grounds that the "make whole" rationale of *Rimes/Garrity* includes the insured's costs and expenses. *Oakley,* 157 Wis. 2d at 86, 459 N.W.2d at 465.

For purposes of clarity, we emphasize that Sorge has made no claim for attorney fees and *Oakley* is not cited for the purpose of recovering fees. Rather, the case is cited for authority for the proposition that contributory negligence is not considered before applying subrogation. We do not interpret *Oakley* as precedent for the issue before us now. In *Oakley,* the insured was entitled to a share of the attorney fees expended to recover from the third-party tortfeasor, from which sums the insurer was sharing recovery. *Oakley* is merely another example of the equitable nature of subrogation. It does not follow that the insured's failure to recover losses based on her proportionate fault is grounds to permit double recovery of her medical expenses. In fact, in *Oakley,* the plaintiff's damages were reduced by five percent, the amount of his percentage of causal negligence, without discussion. *Id.* at 80, 459 N.W.2d at 462.

*By the Court.*—Judgment affirmed and cause remanded with directions.