Diane M. SORGE, Plaintiff-Appellant-Petitioner,

v.

NATIONAL CAR RENTAL SYSTEM, INC., the Travelers Insurance Company, Patricia Tennes and United Services Automobile Association, Defendants,

UNITED SECURITY INSURANCE COMPANY and Wisconsin Physician Service Insurance Corporation, Nominal-Defendants-Respondents.

Supreme Court

*No. 90–2829–FT. Oral argument April 29, 1992 and February 1, 1994.—Decided March 15, 1994.*

(Also reported in 512 N.W.2d 505.)

For the plaintiff-appellant-petitioner there were briefs by *D.J. Weis* and *Johnson, Weis, Paulson & Priebe, S.C.,* Rhinelander and oral argument by *D.J. Weis.*

For the nominal-defendant-respondent, Wisconsin Physicians Service Insurance Corporation, there were briefs by *Terry J. Booth* and *Fellows, Piper and Schmidt,* Milwaukee and oral argument by *Terry J. Booth.*

For the nominal-defendant-respondent, United Security Insurance Company, there were briefs by *Michael J. Stingl, Timothy B. Melms* and *Eckert & Stingl Law Office,* Rhinelander and oral argument by *Michael J. Stingl.*

Amicus curiae briefs were filed by *Mark L. Thomsen* and *Cannon & Dunphy, S.C.,* Milwaukee for the Wisconsin Academy of Trial Lawyers.

Amicus curiae brief was filed by *Laurel Barnes,* Assistant General Counsel, Milwaukee, for Blue Cross & Blue Shield United of Wisconsin.

STEINMETZ, J.    This case presents the following issue for review: Is an injured party "made whole" such that her subrogated insurers may seek reimbursement from her when the injured party receives compensation in a settlement agreement covering all of her losses, less the amount corresponding to her contributory negligence? We hold that such a settlement agreement

does make an injured party whole and thus allows her subrogated insurers to seek reimbursement from her. Hence, we affirm the decision of the court of appeals.

The following facts are not in dispute. The plaintiff, Diane M. Sorge (Sorge), was injured when the car she was driving was involved in an accident with another vehicle. At the time of the accident, Sorge had medical insurance through United Security Insurance Co. (United Security) and Wisconsin Physicians Service Insurance Corp. (WPS). United Security paid medical expenses for Sorge in the amount of $856.75 and WPS paid $835.90 in medical expenses for her.

Sorge commenced a negligence action on April 5, 1989, to recover her damages from the accident. On July 6, 1990, she settled the claim with all of the defendants for a payment of $23,500. This amount was below the defendants' insurance policy limits. Sorge, United Security and WPS agreed that the terms of the settlement did not resolve United Security's and WPS's subrogation claims.

The circuit court for Oneida county, the Honorable Mark A. Mangerson, addressed the insurers' subrogation claims in a *Rimes* hearing[1] on November 5, 1990. At the hearing, the parties stipulated that the settlement agreement compensated Sorge for all of her losses, including her medical expenses, less the amount corresponding to her contributory negligence. In other words, the parties agreed that Sorge received the same amount from the settlement that she would have received from a trial in which the jury awarded her damages and the judge reduced the award pursuant to

---

[1] *See Rimes v. State Farm Mut. Auto. Ins. Co.,* 106 Wis. 2d 263, 276–78, 316 N.W.2d 348 (1982). In *Rimes,* this court approved a procedure for trial courts to use to determine whether a settlement has made an injured party whole. *Id.*

sec. 895.045, Stats.,[2] to account for her contributory negligence.

The circuit court held that the settlement agreement made Sorge whole. Hence, based on *Rimes,* 106 Wis. 2d 263 and *Garrity v. Rural Mut. Ins. Co.,* 77 Wis. 2d 537, 253 N.W.2d 512 (1977), the court ordered Sorge to reimburse United Security and WPS for the full amount of their subrogation claims.

The court of appeals affirmed. *Sorge v. Nat. Car Rental System,* 162 Wis. 2d 622, 628, 470 N.W.2d 5 (Ct. App. 1991). On appeal the subrogated insurers conceded that their claims should be reduced by the percentage of Sorge's negligence. *Id.* The court of appeals, therefore, remanded the cause to the circuit court to establish the extent of her negligence and the corresponding reduction in the insurers' recovery. Sorge petitioned this court to review the decision of the court of appeals.

This court accepted Sorge's petition for review and initially heard oral argument on this case on April 29, 1992. Prior to rendering a decision, we asked the parties to submit supplemental briefs and make a second argument discussing the effect on this case of *Schulte v. Frazin,* 176 Wis. 2d 622, 500 N.W.2d 305 (1993), a decision rendered subsequent to the initial argument. Having reviewed two sets of briefs and heard two rounds of oral argument, we now affirm the decision of the court of appeals.

---

[2] Section 895.045, Stats., provides:

Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

The only question before this court is whether United Security and WPS may enforce their subrogation rights and recover a portion of their medical payments from Sorge.[3] In *Rimes,* 106 Wis. 2d at 272, we stated that "[i]t appears clear that, under Wisconsin law as recapitulated in *Garrity,* one who claims subrogation rights . . . is barred from any recovery unless the insured is made whole." Accordingly, our task is to determine if the settlement agreement in this case made Sorge whole. "Application of the 'make whole' doctrine of *Garrity* and *Rimes* to an undisputed set of facts is a question of law which we review independently and without deference to the decisions of lower courts." *Oakley v. Wis. Fireman's Fund,* 162 Wis. 2d 821, 826, 470 N.W.2d 882 (1991).

Sorge argues that an injured party is made whole when she receives compensation for all of her losses. The settlement in this case did not compensate Sorge for all of her losses because her recovery was reduced by an amount corresponding to her contributory negligence. Sorge claims, therefore, that the settlement did not make her whole.

United Security and WPS argue, on the other hand, that an injured party is made whole when she receives the amount of compensation she would be legally entitled to recover from a trial in which the jury awarded her damages and the court reduced the damage award to account for the injured party's contributory negligence pursuant to sec. 895.045, Stats. Sorge has indisputably recovered this amount.

---

[3] Neither the insurance policies nor any subrogation clauses contained in the policies are part of the record in this case. Hence, for the purpose of this opinion, we assume that United Security and WPS are attempting to enforce their equitable right to subrogation.

Thus, according to the subrogated insurers, she has been made whole.

The issue before this court—what amount of compensation makes a *contributorily negligent* injured party whole—is one of first impression in Wisconsin. This court's decisions in *Rimes,* 106 Wis. 2d 263, and *Garrity,* 77 Wis. 2d 537, do not address the "make whole" doctrine as it applies to a contributorily negligent injured party. Hence, we must rely on the general law and policies of subrogation to guide our analysis. "The doctrine of subrogation is based upon equitable principles." *Schulte,* 176 Wis. 2d at 628.

> The purpose of subrogation is to prevent a double recovery by the insured. Under circumstances where an insured has received full damages from the tortfeasor and has also been paid for a portion of those damages by the insurer, he receives double payment—he has been made more than whole. . . . The insured is to be made whole, but no more than whole.

*Rimes,* 106 Wis. 2d at 272. In this case, the equities favor the subrogated insurers. If this court were to allow Sorge to keep both the settlement and all of the medical expenses paid by United Security and WPS, she would receive a double recovery. It is undisputed that part of the settlement was intended to cover that percentage of Sorge's medical expenses for which the tortfeasor was responsible. The medical payments made by the subrogated insurers covered 100 percent of Sorge's medical expenses.[4] Hence, Sorge has

---

[4] In her supplemental reply brief, Sorge alleges for the first time that United Security's and WPS's medical payments may not have covered all of her medical expenses. She does not claim

received well over 100 percent of her medical expenses. This constitutes a double recovery.

Sorge argues that she has not received a double recovery because the settlement did not compensate her for all of her losses. In particular, she did not recover that percentage of her losses attributable to her own negligence. Hence, even though Sorge has received more than 100 percent of her medical expenses, she claims that she has not been made whole. Language from *Rimes* and *Garrity* makes it clear that subrogated insurers are not entitled to reimbursement from their insured when the insured has recovered the full amount of her insurers' payments but has not recovered all of the damages to which she is entitled. "Under Wisconsin law the test of wholeness depends upon whether the insured has been completely compensated for all the elements of damages, not merely those damages for which the insurer has indemnified the insured." *Rimes,* 106 Wis. 2d at 275. " 'A partial payment of the debt, even though it may be the full amount for which the surety has bound himself, will not entitle

---

that the insurers have failed to satisfy their obligations to her. Rather, she claims that due to deductibles and other terms of her insurance contracts she may have paid for some of her medical expenses.

This allegation does not change this court's analysis or holding. Regardless of whether Sorge's insurers paid for all of her medical expenses or for all of her medical expenses for which they were contractually responsible, she has been made whole. Hence, for the remainder of this opinion, when we refer to Sorge receiving 100 percent or all of her medical expenses from United Security and WPS, we acknowledge that this could, in fact, mean 100 percent or all of her medical expenses for which United Security and WPS were contractually responsible.

him to subrogation . . . .' " *Garrity,* 77 Wis. 2d at 542–43 (quoting 10 *Williston on Contracts* sec. 1269, pp. 857–58 (Third ed. 1967)).

This argument misses the point. In the present case, the settlement was not "a partial payment of the debt" owed by the defendants to Sorge. Rather, the settlement was a complete payment of the debt compensating Sorge for all of the damages that she was legally entitled to recover. Because she was, by her own admission, contributorily negligent, she had no right to recover any more than she did. Were we to follow Sorge's reasoning, a contributorily negligent plaintiff would never be made whole by a tortfeasor's payment. Her position, that the subrogated insurers may not recover any portion of their payments because the settlement did not make her whole, creates an improper incentive for injured parties. Were we to accept Sorge's position, an injured party would have the incentive to admit to some contributory negligence in all settlement agreements, whether or not the injured party was negligent, because then she would not have to reimburse her subrogated insurers.[5]

---

[5] Amicus curiae, the Wisconsin Academy of Trial Lawyers (WATL), advances a position similar to Sorge's. However, WATL avoids this incentive problem by acknowledging that a contributorily negligent injured party could be made whole, or even more than whole, if the combination of the settlement and her own insurers' payments is equal to or greater than the total amount of her losses. In this situation, WATL suggests that the subrogated insurers would be entitled to recover a pro rata share of that portion of the injured party's recovery that is beyond her total losses. While this argument is more reasonable than Sorge's, it still fails to overcome the other inequities that it has in common with Sorge's position.

Sorge next claims that the subrogated insurers' definition of "made whole" would lead to inequitable results. This definition would allow an injured party with medical insurance who is more than 50 percent negligent to keep all of her medical payments because, pursuant to sec. 895.045, Stats., she would not be entitled to recover any compensation from the tortfeasor. Meanwhile, an injured party, who is 50 percent negligent or less and who enters into a settlement agreement as Sorge did, would have to reimburse her medical insurers for that percentage of her medical payments for which the tortfeasor is liable.

While this result may seem inequitable in isolation, the outcome is entirely equitable. Both the injured party who is more than 50 percent negligent and the injured party who is 50 percent negligent or less will recover 100 percent of their medical expenses under United Security's and WPS's definition of "made whole." The only difference will be the source of the compensation. The first will recover all of her medical expenses from her own medical insurers. The second will recover the majority of these expenses from the tortfeasor and the remainder from her medical insurers. The injured party who is 50 percent negligent or less will also receive compensation from the tortfeasor for that portion of her other losses that were caused by the tortfeasor's negligence.

Contrary to Sorge's assertion, she has benefited from her purchase of medical insurance. If Sorge was not insured, she would only have recovered that portion of her medical expenses that were attributable to the tortfeasor's negligence. Because she is insured, she has recovered 100 percent of her medical expenses—the majority from the tortfeasor and the rest from her medical insurers. In this case, this extra

recovery corresponds to the risk that Sorge insured with United Security and WPS.[6]

The subrogated insurers' position satisfies the underlying policies behind both the doctrine of subrogation and the "make whole" rule of *Garrity* and *Rimes.* The injured party, Sorge, has recovered all that she is entitled to by law—100 percent of her medical expenses and that percentage of her other losses not attributable to her own negligence. The responsibility for compensating the injured party for losses resulting from the tortfeasor's negligence has fallen on the tortfeasor. And finally, the injured party is not receiving a double recovery at the expense of her insurers. We therefore accept the subrogated insurers' position and hold that a contributorily negligent injured party is made whole such that her insurers may assert their subrogation rights when the injured party has been compensated for all of her losses less the amount corresponding to her contributory negligence.[7]

---

[6] In her original briefs, Sorge argued that if United Security and WPS have a cause of action for subrogation, it should be brought against the tortfeasors, not against Sorge. *See Blue Cross v. Fireman's Fund,* 140 Wis. 2d 544, 411 N.W.2d 133 (1987), overruled by *Schulte,* 176 Wis. 2d 622; *Mutual Service v. American Family,* 140 Wis. 2d 555, 410 N.W.2d 582 (1987). Due to this court's subsequent holding in *Schulte,* Sorge has withdrawn this argument.

[7] Contrary to Sorge's claim, this holding does not alter the general rule that a settlement agreement with a release "may or may not make the grantor of the release whole." *See Rimes,* 106 Wis. 2d at 273. We do not find that Sorge has been made whole merely because she released the defendants from further liability to her. Rather, we find that Sorge has been made whole because, by her own admission, she has received all that she is legally entitled to receive taking into account her contributory negligence. Had Sorge not stipulated to this fact, then the cir-

■
When the insured has been made whole by the tortfeasor and has also received payments from her own insurers, she has been made more than whole. *Rimes,* 106 Wis. 2d at 272. In that situation, the subrogated insurers stand in the shoes of the insured and may recover that percentage of their payments attributable to the tortfeasor's negligence.[8] Hence, in this case, Sorge must reimburse United Security and WPS for the amount of their medical payments reduced by that amount corresponding to Sorge's negligence. The parties have never agreed on the percentage of Sorge's contributory negligence. Accordingly, as the court of appeals directed, this cause should be remanded to the trial court to determine the percentage of Sorge's contributory negligence and to calculate the appropriate reimbursement amounts.

■
We hold that the settlement agreement that compensated Sorge for all of her losses less the amount

cuit court would have determined Sorge's total losses and her percentage of contributory negligence at the *Rimes* hearing. Based on these figures, the court would have decided if the settlement made Sorge whole.

[8] The court of appeals appears to have applied this rule without explicitly addressing it in *Wondrowitz v. Swenson,* 132 Wis. 2d 251, 260–61, 392 N.W.2d 449 (Ct. App. 1986). In determining how to divide up a jury award between a plaintiff and her subrogated insurer, the court first subtracted that portion of the award corresponding to the plaintiff's contributory negligence from both the plaintiff's and her insurer's share. In so doing, the court impliedly found that the plaintiff was made whole and the insurer could assert its subrogation rights even though the plaintiff's recovery was reduced because of her contributory negligence. The court of appeals did not, however, explain how it reached this conclusion.

corresponding to her contributory negligence made Sorge whole. United Security and WPS are entitled to be reimbursed for that percentage of their payments to Sorge that correspond to the tortfeasor's negligence. Therefore, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.