Patrick SAMPSON, Plaintiff,

COUNTY OF MILWAUKEE, a municipal corporation, Plaintiff-Co-Appellant,

v.

Earl W. LOGUE, Linda D. Logue and State Farm Fire & Casualty Company, a foreign corporation, Defendants-Respondents.

Court of Appeals

*No. 92–2210. Submitted on briefs August 10, 1993.—Decided April 5, 1994.*

(Also reported in 515 N.W.2d 917.)

For the plaintiff-co-appellant the cause was submitted on the briefs of *Principal Assistant Corporation Counsel Attorney for County of Milwaukee*, with *Louis Edward Elder* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Schulz & Duffey, S.C.* with *Sean N. Duffey* of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J. Milwaukee County appeals from an order denying its motion to vacate a judgment assessing costs against the County as a subrogated party in a personal injury lawsuit in which the jury returned a verdict in favor of the defendants. The County argues that costs cannot be assessed against subrogated parties. We reject the County's argument and affirm.

In April of 1985, Patrick Sampson suffered serious injuries following a seizure during which he fell off the upstairs porch of the apartment building where he lived. He received extensive care at the Milwaukee County Medical Complex for his injuries, and Milwaukee County paid his medical expenses. Sampson commenced an action against his landlords, Earl Logue and Linda Logue, and their insurer, State Farm Fire and Casualty Company. Sampson also named Milwaukee County as a defendant, identifying the County's subrogation interest under § 49.65, STATS.,[1] and

---

[1] Section 49.65(2), STATS., in part, states:

(2) SUBROGATION. The . . . county . . . providing any public assistance under this chapter as a result of the occurrence of an injury . . . which creates a claim or cause of action, whether in tort or contract, on the part of a public assistance recipient . . . against a 3rd party, including an insurer, is subrogated to the rights of the recipient . . . and may make a claim or maintain an action or intervene in a claim or action by the recipient . . ..

Section 49.65(3), STATS., in part, states:

(3) ASSIGNMENT OF ACTIONS. The . . . county . . . providing any public assistance authorized under this chapter, including medical

§ 803.03(2), STATS.[2] On June 24, 1988, the County filed a notice of appearance in the action.

On January 16, 1992, eleven days before the trial, Sampson filed an amended complaint, which still named Milwaukee County as a defendant by virtue of the County's subrogated interest. On January 24, 1992, the County filed a notice of appearance, the caption of which still referred to the County as a defendant, but in the text stated that the "Principal Assistant Corporation Counsel" "appears for and represents *plaintiff*, County of Milwaukee." (Emphasis added.)

On January 27, 1992, the first day of trial, counsel for the County entered late and did not formally state an appearance. He did, however, state his understanding that the County was involved in the action because

assistance, as a result of the occurrence of injury . . . which results in a possible recovery of indemnity from a 3rd party, including an insurer, may require an assignment from the . . . recipient . . . of such public assistance . . . giving it the right to make a claim against the 3rd party.

[2] Section 803.03(2), STATS., in part, states:

(2) CLAIMS ARISING BY SUBROGATION, DERIVATION AND ASSIGNMENT. (a) *Joinder of related claims.* A party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim.. . . Any public assistance recipient . . . asserting a claim against a 3rd party for which the public assistance provider has a right of subrogation or assignment under s. 49.65(2) or (3) shall join the provider as a party to the claim. Any party asserting a claim based upon subrogation to part of the claim of another, derivation from the rights or claim of another, or assignment of part of the rights or claim of another shall join as a party to the action the person to whose rights the party is subrogated, from whose claim the party derives his or her rights or claim, or by whose assignment the party acquired his or her rights or claim.

of its subrogated interest and stated that the County expected to be paid out of any verdict in favor of Sampson. Counsel for the County then asked to be excused from participating in the trial. The County's claim was placed on the verdict. The jury, however, returned a verdict against the plaintiff.

In the defendants' motion for judgment on the verdict, the defendants also requested that the trial court amend the case caption to "properly name Milwaukee County as a plaintiff, pursuant to sec. 803.03, Stats.," and to tax costs against the County, pursuant to § 814.03, STATS.[3] Despite having received notice of the motion hearing, the County failed to appear. The trial court granted the defendants' motion to amend the case caption and also ordered judgment for the defendants with costs. The County subsequently filed a motion for relief from the trial court's judgment, pursuant to § 806.07(1)(d) and (h), STATS. The trial court denied the County's motion, stating:

> This Court holds that where a subrogated party chooses under Sec. 803.03 Wis. Stats. to make an appearance in an action, elects not to participate in the trial itself and decides not to move for dismissal that the subrogated party is bound by the judgment including the imposition of costs.
>
> This result appears to the Court to be the only result to be obtained from a reading of the involved statutes. Although risk attends the option chosen by Milwaukee County in this case it is clear Milwaukee County exercised the option and assumed the risk. The clear statutory intent is that unsuc-

---

[3] Section 814.03(1), STATS., provides that "[i]f the plaintiff is not entitled to costs under s. 814.01(1) or (3), the defendant shall be allowed costs." Section 814.04, STATS., defines what fees and disbursements are allowed as "costs."

cessful litigants be responsible for limited statutory costs incurred by the successful litigant. Where the County elected to put itself in a position of potential recovery it will not be heard to say that it is unjust for the County to pay for the costs of its failure.

On appeal, Milwaukee County contends that under § 806.07(1)(a), (d) and (h), STATS., it should have been relieved from the judgment assessing costs. The County does not dispute the amount of costs assessed against it. The County simply argues that costs under § 814.03(1), STATS., cannot be imposed against an unsuccessful subrogated party and that the trial court should not have amended the case caption to make it a plaintiff so that costs could be so imposed.

The County argues that it should be relieved from the judgment imposing costs under § 806.07(1)(a), STATS., which states that a court may relieve a party from a judgment because of "[m]istake, inadvertence, surprise, or excusable neglect." The County, however, waived this argument by not raising it in the trial court. See Hough v. Dane County, 157 Wis. 2d 32, 48, 458 N.W.2d 543, 549 (Ct. App. 1990) (review by appellate court generally declined on issues raised for the first time on appeal).

The County also argues for relief under § 806.07(1)(d), STATS., which provides that a party may be relieved from a judgment where the judgment is void, and under § 806.07(1)(h), which provides that a party may be relieved from a judgment for "[a]ny other reasons justifying relief from the operation of the judgment." The County, however, fails to explain its argument that the judgment is allegedly void; instead, the County simply contends that "there is no statutory authority for the Court's imposition of costs against the

26

County." The County further argues "it is clear" that § 814.03(1), STATS., "contemplates costs being absorbed by the litigating plaintiff when the defendant prevails," and that it never was "the litigating plaintiff."

Interpretation and application of a statute to a particular set of facts is a question of law which we independently review. *See Franzen v. Children's Hosp.*, 169 Wis. 2d 366, 376, 485 N.W.2d 603, 606 (Ct. App. 1992).

We reject the County's arguments for several reasons. No authority or statutory analysis supports the County's contention that "plaintiff" under § 814.03, STATS., was not meant to include subrogated parties. Section 814.03(1), STATS., which states that "[i]f the plaintiff is not entitled to costs under s. 814.01(1) or (3), the defendant shall be allowed costs," is plain on its face and clearly applies to *all* plaintiffs, not just to non-subrogated plaintiffs. *See Brown County Attorneys Ass'n v. Brown County*, 169 Wis. 2d 737, 741, 487 N.W.2d 312, 313-314 (Ct. App. 1992) (statute plain on its face to be applied to facts of case). A prevailing defendant is entitled to statutory costs against each unsuccessful plaintiff in a lawsuit. *See Gorman v. Wausau Ins. Cos.*, 175 Wis. 2d 320, 327-328, 499 Wis. 2d 245, 248 (Ct. App. 1993); *see also Baldwin v. St. Peter's Congregation*, 264 Wis. 626, 632, 60 N.W.2d 349, 352 (1953).

Additionally, the County's argument that costs should be imposed against only the "*litigating plaintiff* when the defendant prevails" and not against any subrogated party is contrary to § 803.03, STATS. Under § 803.03, subrogated parties must be joined by any

"party asserting a claim for affirmative relief." After joinder, a subrogated party must choose from three options or risk dismissal with prejudice: (1) "participate in the prosecution of the action"; (2) agree to have its interest represented by the party that caused its joinder; or (3) move for dismissal with or without prejudice. Section 803.03(2)(b), STATS.; *Radloff v. General Casualty Co.*, 147 Wis. 2d 14, 20, 432 N.W.2d 597, 599 (Ct. App. 1988). Although the County was originally named as a defendant, it should have been joined as a plaintiff. *See Anderson v. Garber*, 160 Wis. 2d 389, 398-399, 466 N.W.2d 221, 225 (Ct. App. 1991) (§ 803.03 contemplates joining insurer with subrogated claim as a party plaintiff); *see also Garrity v. Rural Mut. Ins. Co.*, 77 Wis. 2d 537, 541, 253 N.W.2d 512, 514 (1977) (party with a subrogated claim has an independent, albeit derivative, claim).

Additionally, by virtue of its January 24, 1992, notice of appearance as a "plaintiff," its absence from active participation at trial, and its agreement to be bound by the verdict, the County exercised the first and, in a sense, the second options under § 803.03(2)(b). Thus, the County, despite its lack of active participation, was a "litigating plaintiff" and had its interest represented to an extent by Sampson.[4]

---

[4] Section 803.03(2)(b), STATS., provides that if a subrogated party chooses to have its interests "represented by the party who caused the joinder, the [subrogated party] shall sign a written waiver of the right to participate which shall express consent to be bound by the judgment in the action." The record does not, however, indicate whether the parties complied with this requirement. Noncompliance with this technical requirement would not affect our analysis of this issue under these circumstances.

Therefore, we conclude that the trial court did not erroneously exercise its discretion by amending the case caption to reflect the County's appropriate status as a party plaintiff. *See* § 802.09(1), STATS. (pleadings may be amended at any stage of the proceedings "when justice so requires").

The County protests that subrogated parties are somehow inferior parties with little control of their involvement in the litigation of a claim. We reject this argument. A subrogated party enters litigation on an even playing field together with any non-subrogated party, subject to and able to invoke all substantive and procedural rules. The extent to which a subrogated party elects to protect, or for that matter, not protect its claim by which option it elects under § 803.03, STATS., carries certain risks, including having costs assessed against it if the jury returns a verdict favorable to the defendants.[5]

The County was an unsuccessful plaintiff by virtue of the verdict rendered in favor of the defendants.

---

[5] Relying on *DILHR v. Coatings, Inc.*, 126 Wis. 2d 338, 376 N.W.2d 834 (1985), the County also argues that costs should not be assessed against the County when the County is seeking reimbursement of its subrogated interest. The County's reliance on *Coatings* is misplaced. In *Coatings*, the Wisconsin Supreme Court stated, "It is a well-established rule in Wisconsin 'that costs may not be taxed against the state unless authorized by statute.'" *Coatings*, 126 Wis. 2d at 346, 376 N.W.2d at 838 (citation omitted). Unlike *Coatings*, however, this case involves the County of Milwaukee. Under § 814.23, STATS., "In all actions by or against a county, . . . costs shall be awarded to the prevailing party as in actions between individuals."

Therefore, the trial court order assessing costs against the County was proper, and we affirm the judgment.[6]

*By the Court.*—Order affirmed.

FINE, J. (*concurring in part; dissenting in part*).

## I.

I agree that the trial court's order denying Milwaukee County's motion to vacate the judgment awarding costs against it should be affirmed, but do so for reasons other than those advanced by the majority opinion. Simply put, I believe that Milwaukee County waived any objections it might have had to the trial court's judgment. Accordingly, we need not consider the broader question of whether costs may be awarded against a party who appears to protect its subrogated interest but does not actively participate in the prosecution of the case. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) ("cases should be decided on the narrowest possible ground").

Patrick Sampson commenced this action on April 22, 1988, and joined Milwaukee County as a defendant in light of the County's subrogated interest. Counsel for Milwaukee County entered his appearance by a document dated June 24, 1988. The amended complaint, which also named Milwaukee County as a defendant, was filed on January 16, 1992. The County entered another "notice of appearance" by a document dated January 23, 1992, and filed on January 24, 1992. This time, however, the County's "notice of appearance" purported to represent the County as "plaintiff," even

---

[6] The respondent moves for frivolous appeal costs and the County counter-moves for frivolous costs based on the respondents' motion. The motions of both parties are denied.

though the caption on the "notice" designated Milwaukee County as a defendant.

The jury verdict adverse to Sampson was filed on January 30, 1992. Sampson filed his post-verdict motion on February 11, 1992, and gave notice of the motion to the individual defendants and their insurance carrier. On February 19, 1992, the individual defendants and their insurance carrier filed their motion for judgment on the verdict. The motion sought, *inter alia*, the following relief: amendment of the caption "to properly name Milwaukee County as a plaintiff, pursuant to sec. 803.03, Stats.," *and* "judgment in favor of the defendant State Farm Fire and Casualty Company upon defendant Milwaukee County's $36,629.14 subrogation claim, pursuant to sec. 814.03, STATS."[1] Furthermore, this request for costs against Milwaukee County was repeated in the affidavit filed with the motion, where counsel averred that the insurance carrier was "entitled to judgment in the amount of its costs and disbursements against Milwaukee County in this action." On February 19, 1992, both the motion and accompanying affidavit were served on Milwaukee County.

Milwaukee County did not appear at hearing before the trial court on the post-verdict motions. Subsequently, however, in a letter to the trial court, the County objected to the proposed order submitted to the trial court by the individual defendants and their insurance carrier. The County's letter erroneously represented to the trial court that Milwaukee County "was never formally named as a party in the complaint or

---

[1] Section 814.03 is the provision that requires the award of costs to the defendant "to be computed on the basis of the demands of the complaint," "[i]f the plaintiff is not entitled to costs under s. 814.01(1) or (3)."

amended complaint." Later, by letter dated May 15, 1992, counsel for Milwaukee County said it was an "oversight on my part in stating the County was not named as a party in the amended Complaint," but continued to represent that "[t]he office [presumably, the Corporation Counsel's office] never received a copy of the original lawsuit."[2] This latter representation is, of course, belied by the appearance counsel entered on behalf of the County in 1988.

As the majority notes, the trial court entered judgment against Milwaukee County for costs. Subsequently, Milwaukee County sought relief from the judgment, asserting grounds under RULE 806.07, STATS. In support of its motion, the brief filed by its counsel represented "[i]t is not known by County of Milwaukee if it was a party named in the original Summons and Complaint," and claimed, despite the clear language of the motion for costs and supporting affidavit filed by the insurance carrier, and served on Milwaukee County, that:

> Obviously, when the County reviewed defendants' motion after verdict, it did not understand the nature of the pleading. It did not understand that the sole purpose of the amendment [naming Milwaukee County as a party-plaintiff] was to seek substantial costs of the action from the county, a subrogated party, and the only "deep pocket" available in the case, rather than from Sampson, who commenced the action.

---

[2] The letter also alleged improper service. Improper service, however, is an affirmative defense, which must be raised by responsive pleading or by motion. RULE 802.06(2)(e), STATS. Milwaukee County never filed a responsive pleading or motion raising this defense. Accordingly, it was waived. *See* RULE 802.06(8)(a), STATS.

32

Furthermore, counsel for Milwaukee County submitted to the trial court an executed but unsworn "affidavit" that also implied, erroneously, that the County was first named as a defendant in the amended complaint, that "in reviewing" the post-verdict motion filed by the defendants "it did not become apparent that the defendants sought costs against the County of Milwaukee," and that "Milwaukee did not consider challenging defendants' motion for judgment on the verdict at the scheduled motion hearing" because "it did not appear that defendant's Motion was detrimental to county interest, but merely a request that the court enter judgment on the verdict as rendered by the jury." The trial court denied Milwaukee County's motion.

Under the circumstances of this case, I conclude that Milwaukee County's unjustified absence from the hearing on the insurance carrier's post-verdict motion for costs waived its right to object to the trial court's order. The motion seeking costs against Milwaukee County was clear on its face. Further, given the obvious misstatements in the submissions to the trial court by Milwaukee County, the trial court would have been justified in imposing sanctions against the County under RULE 802.05(1), STATS. Accordingly, for these reasons, I conclude that the trial court acted well within the ambit of its discretion in denying Milwaukee County's motion under RULE 806.07, STATS. I concur in the result reached by the majority, and would save for another day the more complicated issue of whether costs may be awarded against a party who appears only to protect a subrogated interest.

## II.

As noted, counsel for Milwaukee County made significant misrepresentations to the trial court. Unfortunately, the County's appellate brief also misrepresents the record. First, the County implies that plaintiff's original complaint did not join it as a party.[3] Second, the County falsely states that the insurance carrier's request for costs against the County was "buried" in its two-page post-verdict motion and two-page supporting affidavit. Third, the County asserts that it "was surprised" by the trial court's grant of costs against it. Fourth, Milwaukee County's brief before this court gives the following reason for not appearing at the hearing before the trial court on the post-verdict motions, and again significantly misrepresents the record:

> [B]ecause said motion never mentions that costs of the action were sought against the County which had previously been named a party-defendant in the action at the eleventh hour on January 16, 1992, eleven days before trial held on January 27, 1992. In the eighth paragraph of counsel for defendants' affidavit which was given in support of the above motion; he finally gets around to requesting costs

[3] Its brief before this court states:

The original action was commenced on behalf of Patrick Sampson at some time in 1988. County of Milwaukee was not served pursuant to law. The original scheduling order dated July 26, 1988, required the parties to complete all amendments to pleadings and joinder of additional parties by September 26, 1988. The original trial by jury was scheduled for October 30, 1989. On January 16, 1992, on the eve of trial, Patrick Sampson amended his complaint naming County of Milwaukee as a party-defendant. County of Milwaukee filed a notice of appearance on January 23, 1992.

(Record references omitted.)

against the county. It is submitted to this Court that the motion is misleading and not sufficient to support an order compelling the County to pay the costs of the action.

In my view, these misrepresentations warrant imposition of costs by us under RULE 802.05(1), STATS. *See Riley v. Issacson,* 156 Wis. 2d 249, 261, 456 N.W.2d 619, 624 (Ct. App. 1990) (court of appeals may impose sanctions for violation of RULE 802.05, STATS., on appeal). Additionally, in light of the circumstances outlined in the majority opinion and in this concurrence/dissent, I believe that we should grant the insurance carrier's motion for frivolous-appeal costs under RULE 809.25(3), STATS. Given the broad scope of the trial court's discretion in ruling on a motion brought under RULE 806.07, STATS., counsel for Milwaukee County should have known that this appeal was "without any reasonable basis in the law." *See* RULE 809.25(3)(c)2, STATS. Accordingly, I dissent from the decision not to award frivolous-appeal costs.