Danielle J. RYAN, by her guardian ad litem, C. M. Bye, Michael H. Ryan and Elaine Ryan, Plaintiffs-Appellants,

v.

Karen R. SIGMUND, State Farm Mutual Automobile Insurance Company, Robert Pease, Marlene M. Stariha, Wausau Underwriters Insurance Company and Employers Health Insurance Company, Defendants,

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Respondent.

Court of Appeals

*No. 94–2190–FT. Submitted on briefs December 27, 1994.—Decided January 18, 1995.*

(Also reported in 528 N.W.2d 43.)

179

On behalf of plaintiffs-appellants, the cause was submitted on the brief of *Robert E. Gilbertson of Bye, Krueger & Goff, S.C.* of River Falls.

On behalf of defendant-respondent, the cause was submitted on the brief of *Larry Schifano of Thrasher, Doyle, Pelish & Franti, Ltd.* of Rice Lake.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Danielle Ryan, by her guardian ad litem, appeals a judgment awarding General Casualty Company of Wisconsin's subrogation claim, thereby reimbursing it for medical expense payments made to her following a personal injury accident.[1] Danielle contends that General Casualty waived its right to subrogation. She contends, alternatively, that case law bars a subrogation claim because a jury found her solely responsible for her injuries. We disagree with both contentions and affirm.

Karen Sigmund struck and injured Danielle, age seven, who was crossing a street near a school shortly after exiting a school bus. Danielle was reimbursed for all of her medical expenses, $6,650.88 from her parents' health insurer, Employers Health Insurance Company (which waived its subrogation rights), and $5,000 under the medical pay provisions of her parents' General Casualty Company of Wisconsin auto policy. Danielle and her parents filed suit against Sigmund, Sigmund's insurer, various school bus drivers and the school district's insurer, Wausau Underwriters Insurance Company. General Casualty was also named

---

[1] This is an expedited appeal under RULE 809.17, STATS.

because it claimed to be subrogated for its payments under its policy. Wausau Underwriters obtained a *"Pierringer* release" from the lawsuit for $20,000.[2] The claim against Sigmund and her insurer went to trial, and a jury found only Danielle negligent. It found her damages to be $11,500, and the court added the sum equal to Danielle's past health care expenses of $11,485.95, for a total verdict of $22,985.95.[3] General Casualty sought and obtained recovery of its $5,000 medical payments on grounds that Danielle's recovery of more than $31,000 in medical insurance coverage and settlement funds exceeded her damages as established by the trial verdict.

## THE WAIVER ISSUE

Danielle maintains that General Casualty failed to comply with § 803.03(2)(b), STATS., and thereby waived any subrogation claim.[4] We disagree.

---

[2] *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963). The claim here releases Wausau Underwriters from any damages of any kind, and Danielle agrees to indemnify it from any claims by others, including claims for medical expenses paid by others.

[3] The parties do not discuss the minor discrepancy between the $11,650.88 in medical expenses paid by General Casualty and Employers Health and the $11,485.95 figure inserted in the verdict by the trial court as Danielle's past health care expenses. The inconsistency is not important to a resolution of this appeal.

[4] Section 803.03(2), STATS., provides in part:

Claims arising by subrogation, derivation and assignment. . . . (b) Options after joinder. Any party joined pursuant to par. (a) may 1. participate in the prosecution of the action, 2. agree to have his or her interest represented by the party who caused the joinder, or 3. move for dismissal with or without prejudice. If the party joined chooses to participate in the prosecution of the action, the

Danielle relies upon *Radloff v. General Cas. Co.*, 147 Wis. 2d 14, 432 N.W.2d 597 (Ct. App. 1988). That case upheld the trial court's discretionary declaration that a subrogated insurer lost its subrogation rights when it was named as party defendant but declined to exercise one of the three options under the statute: (1) to participate in the prosecution of the action; (2) to agree to have its interest represented by the party who caused the joinder; or (3) to move for dismissal.

*Radloff* is inapposite. Although the subrogee was named a party defendant, it did not respond to the complaint, entered no appearance in the action and did not participate in the prosecution; "In short, it did nothing." *Id.* at 16, 432 N.W.2d at 598. Prior to trial, the plaintiff settled its claim against the principal defendants; the subrogee refused to sign the settlement check needed to complete the settlement because the plaintiffs refused to reimburse for the money paid toward medical expenses; the trial court declared that the subrogated insurer had lost its subrogation rights for failing to act. Its decision was affirmed on appeal. *Id.*

The express rationale for the *Radloff* holding is the promotion of judicial economy and that judicial discretion to compel compliance with § 803.03, STATS., is essential to fulfill the legislative purpose. *Id.* at 19-20,

party joined shall have an equal voice with other claimants in such prosecution. If the party joined chooses to have his or her interest represented by the party who caused the joinder, the party joined shall sign a written waiver of the right to participate which shall express consent to be bound by the judgment in the action. Such waiver shall become binding when filed with the court, but a party may withdraw the waiver upon timely motion to the judge to whom the case has been assigned with notice to the other parties. A party who represents the interest of another party and who obtains a judgment favorable to such other party may be awarded reasonable attorneys fees by the court.

432 N.W.2d at 599. Issues may arise regarding the right to subrogation that should be addressed beginning with the pleadings. The subrogee in *Radloff* utterly failed to assert its rights at the same time it held up a settlement of the case on grounds that it had such rights.

Here, General Casualty did no such thing. It filed an answer, counterclaim and cross-claim asserting its subrogation interest. It served a formal request upon all parties asking them to admit General Casualty's insurance policy, admit that it paid $5,000 for Danielle's medical expenses and that the sums were reasonably and necessarily incurred as a result of her accident. It appeared by counsel on the first day of trial and, during a chambers conference, put its policy into evidence and confirmed that there was no dispute concerning its payment of medical expenses. It sought and obtained the trial court's permission to be excused from further participation in the trial. It then filed a postverdict motion and brief in support of its rights and appeared to argue its motion. Its request not to participate in the trial under these circumstances did nothing to impair the efficient and orderly disposition of the case. It obtained formal admissions relating to any factual disputes that could arise concerning the medical bills it had paid. It pursued its legal position in a timely and proper fashion. The trial court did not erroneously exercise its discretion by entertaining the postverdict motion for relief based upon the record.

## MERITS OF THE SUBROGATION CLAIM

Danielle argues that even if the issue were not waived, General Casualty loses on the merits. Again we disagree.

183

Danielle's damages totaled $22,985.95. Danielle recovered over $31,000. If subrogation principles were not applied, she would receive a double recovery of her medical expenses.

> Under circumstances where an insured has received full damages from the tortfeasor and has also been paid for a portion of those damages by the insurer, he receives double payment—he has been made more than whole. Only under those circumstances is the insurer, under principles of equity, entitled to subrogation. Subrogation is to be allowed only when the insured is compensated in full by recovery from the tortfeasor. The insured is to be made whole, but no more than whole.

*Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis. 2d 263, 282, 316 N.W.2d 348, 353 (1982). Whether an insurer is claiming rights under the insurance contract, or under rules of equity, the entire law of subrogation is based upon equitable principles. *Id.* at 271, 316 N.W.2d at 353. The purpose of subrogation is to prevent a double recovery by the insured. *Id.* at 272, 316 N.W.2d at 353. General Casualty's policy incorporated a subrogation provision.

Danielle pursues her appeal based upon language found in *Sorge v. National Car Rental System*, 182 Wis. 2d 52, 512 N.W.2d 505 (1994). In *Sorge*, the court merely held that a plaintiff was "made whole" for purposes of subrogation where recovery is reduced by the extent of her negligence but where she was otherwise fully compensated for her losses. *Id.* at 62, 512 N.W.2d at 509.

It is true that *Sorge* rebuts an argument made by the plaintiff in that case that incorporates a circum-

stance whereby the subrogee is denied recovery. That circumstance, however, is not present in this case.

The argument to which Danielle refers is *Sorge's* general recognition that subrogated insurers stand in the shoes of the insured and may recover that percentage of their payments attributable to the tortfeasor's negligence. *Id.* at 63, 512 N.W.2d at 509. Hence, *Sorge* held the plaintiff there would have to reimburse the medical insurers for the amount of their payments reduced by that amount corresponding to the insured plaintiff Sorge's negligence. *Sorge* acknowledged the plaintiff's argument that if a particular insured is later found to be more than 50% at fault for the accident, she may keep all of the medical payments because she would not be entitled to any compensation from the tortfeasor under the Wisconsin contributory negligence statute, § 895.045, STATS. *Id.* at 61, 512 N.W.2d at 508. On the other hand, a plaintiff who recovers medical expenses and is found 50% or less at fault for the accident would have to reimburse her medical insurers for that percentage of her medical payments for which the tortfeasor is liable (assuming the recovery makes the plaintiff whole under the *Sorge* definition). *Id.*[5] Thus, Danielle concludes, *Sorge* limits subrogation recovery to cases where the insured is 50% or less at fault.

---

[5] *Sorge v. National Car Rental System*, 182 Wis. 2d 52, 61, 512 N.W.2d 505, 508 (1994), went on to state:

> While this result may seem inequitable in isolation, the outcome is entirely equitable. Both the injured party who is more than 50 percent negligent and the injured party who is 50 percent negligent or less will recover 100 percent of their medical expenses . . . . The only difference will be the source of the compensation. The first will recover all of her medical expenses from her own medical insurers. The second will recover the majority of these expenses from the tortfeasor and the remainder from her medical insurers.

185

The circumstances of this case render *Sorge*'s discussion about limitation of recovery where the plaintiff is found negligent inapplicable. Danielle received a settlement in this case from one of the potential tortfeasors. That settlement by its nature did not depend upon a finding that the settling tortfeasor be later found negligent or the damages proven. To the contrary, the parties to the release agreed that the sum paid was in lieu of a trial on the merits. While it is a fact that the subsequent trial resulted in a finding that the settling defendant was not negligent, that finding was only legally relevant toward determination of the liability of the remaining tortfeasor, Sigmund and her insurer. By virtue of the release agreement, Danielle was permitted to keep the settlement funds. General Casualty, however, was not bound by that agreement to which it was not a party. Equity and the insurance contract permit the insurer to pursue reimbursement for the medical expenses from the settlement funds.

The holdings of *Rimes* and *Sorge* are consistent with the result in this case: The insured has been made whole, and subrogation will prevent a double recovery. We therefore affirm the trial court's judgment.

*By the Court.*—Judgment affirmed.