Christina HOLMAN and Qtroy Holman, Plaintiffs-Respondents,

v.

FAMILY HEALTH PLAN, Defendant-Appellant,†

Sharon KADAMIAN, and Continental Casualty Company, Defendants.

Court of Appeals

*No. 97–1490–FT. Submitted on briefs October 23, 1997.—Decided December 30, 1997.*

(Also reported in 573 N.W.2d 577.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ryan J. Hetzel* of *Daryl W. Laatshc, S.C.* of West Bend.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Charles M. Soule* of *Schoone, Fortune, Leuck, Kelley & Pitts, S.C.* of Racine.

Before Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Christina and Qtroy Holman named their subrogated health insurer, Family Health Plan (FHP), as an additional defendant in this tort action against the driver of an automobile who had injured Christina. The Holmans' complaint sought, in part, to foreclose any claim by FHP against any recovery the Holmans might obtain from the tortfeasor. FHP did not answer or otherwise respond to the Holmans' summons and complaint or their later amended complaint. The trial court entered a default judgment against FHP in favor of the Holmans. FHP appeals

from the judgment and a subsequent order denying its motion to reopen the judgment.

FHP argues that the Holmans should have named it as a party plaintiff, not a party defendant, pursuant to § 803.03(2)(a), STATS. Because of this misjoinder, FHP contends that it was not required to respond to the Holmans' amended complaint. We assume, without deciding, that the Holmans should have joined FHP as a party plaintiff rather than as a party defendant. Nevertheless, we conclude that FHP was obligated to raise this defect by answer or other responsive pleading within the twenty-day time limit to respond set out in § 802.06(1), STATS. We affirm the default judgment and the postjudgment order denying FHP's motion to reopen the judgment.

## *FACTS*

Christina was injured in an automobile accident on July 5, 1994. FHP, Christina's group health insurer, paid a portion of Christina's medical expenses incurred as a result of the accident. On January 8, 1997, the Holmans filed a summons and complaint against the operator and liability insurer of the other automobile involved in the accident. On January 23, 1997, before the time for an answer or any other responsive pleading had elapsed, the Holmans filed an amended complaint which corrected the name of the liability insurer.

Both the original and amended complaints additionally named FHP as a defendant, reciting that "[FHP] may have a claim for subrogation and/or reimbursement and is therefore a necessary party to this litigation." Both complaints sought alternative relief as to FHP. On the one hand, the complaints asserted FHP's potential subrogation interest in the event FHP

timely appeared in the action. On the other hand, the complaints sought to foreclose FHP's subrogation claim if FHP did not timely appear in the action.

FHP does not dispute that it was properly served with both the original and amended complaints and that it had proper notice of the Holmans' action. Nevertheless, FHP did not answer or interpose any other responsive pleading to either complaint within the twenty-day time limit set out in § 802.06(1), STATS. Therefore, the Holmans obtained a default judgment against FHP, "dismissing [FHP] from this action and barring any claim of [FHP] for subrogation and/or reimbursement and barring [FHP] from participating in any judgment or settlement in this action."

On March 24, 1997, FHP filed a notice of retainer together with an answer, counterclaim and cross-claim.[1] The answer alleged that FHP was subrogated to the Holmans' rights, that FHP had been inaccurately named as a defendant in the caption, and that FHP should have been named as an involuntary plaintiff. As a result, FHP's answer contended that it was not obligated to answer the Holmans' complaints. On April 2, 1997, FHP brought a motion seeking to reopen the default judgment and to amend the caption of the case to name it as "either a plaintiff or an involuntary plaintiff." At the conclusion of the motion hearing, the trial court denied FHP's requests.[2] FHP appeals.

---

[1] FHP's appellate brief states that these documents were filed on February 22, 1997. This statement is incorrect. The documents were signed on February 22, but they were not filed until March 24.

[2] On May 9, 1997, Christina accepted an offer of settlement from the tortfeasor and the liability insurer and the action against those defendants was dismissed.

## DISCUSSION

### Joinder of a Subrogated Insurer

The Holmans properly saw FHP as a necessary party to this action because FHP had a potential claim for subrogation. Because the Holmans sought, in the alternative, to foreclose FHP's subrogation interest in any recovery obtained against the tortfeasor, the Holmans viewed FHP as an adverse party and named it as a party defendant, not as a party plaintiff. The parties dispute whether this joinder was correct.

Section 803.03(2), Stats., governs the joinder of parties in claims arising by subrogation, derivation and assignment. That section provides in relevant part:

> *Joinder of related claims.* A party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim.

Section 803.03(2)(a). Although the statute requires joinder of parties with subrogated or derived claims, it fails to expressly state whether such parties are to be joined as plaintiffs or defendants.

The Holmans argue that FHP was properly joined as a party defendant because "[t]he absence of any directive allows the plaintiff discretion to name the subrogated party as either a plaintiff or defendant." Although this court has previously addressed § 803.03(2)(a), Stats., in *Anderson v. Garber*, 160 Wis. 2d 389, 466 N.W.2d 221 (Ct. App. 1991), the parties

dispute whether our language which speaks to joinder of a subrogated insurer is dicta.

In *Anderson,* we concluded that "[t]he statutory scheme clearly contemplates joining a plaintiff's insurer that has a subrogated claim for medical expenses as party plaintiff." *Id.* at 399, 466 N.W.2d at 225. Later, in *Sampson v. Logue,* 184 Wis. 2d 20, 28, 515 N.W.2d 917, 920 (Ct. App. 1994), this court again stated that under § 803.03(2)(a), STATS., a subrogated party should be joined as a plaintiff.

Although the trial court agreed with the Holmans that the language in *Anderson* and *Sampson* was dicta, the court also acknowledged that the language of the court of appeals in those cases was an "indication of the proper procedure." However, the trial court went on to say that the language of these cases "does not automatically lead to the conclusion that where an insurer is named as a party defendant and a judgment is taken against it when it fails to answer . . . that judgment is void." In short, the trial court did not see the dispositive question to be whether the Holmans had properly joined FHP as a defendant. Rather, the court saw the dispositive question to be whether FHP had any obligation to bring this potential defect to the attention of the trial court by a responsive pleading. As the trial court correctly observed, neither *Anderson, Sampson* nor the other cases cited to the court spoke to this question.

We agree with the trial court's determination as to the controlling issue. Section 803.03(2)(a), (2)(b) and (3), STATS., addresses claims arising by subrogation, the options available to a party so joined, and the authority of a court to order a party joined. However, this statute does not address whether a party which perceives that it has been misjoined has any obligation

106

to raise this issue by way of a responsive pleading. Therefore, we will assume arguendo that the Holmans improperly joined FHP as a party defendant. The issue thus becomes whether FHP was obligated to raise this issue in the trial court by way of a timely responsive pleading.

## Failure to File a Responsive Pleading

FHP contends that "a subrogated health insurer misjoined as a party defendant need not file a responsive pleading to the complaint."[3] The trial court disagreed, ruling that FHP should have responded to the complaint and it "offered absolutely no explanation or excuse . . . of evidentiary fact as to why it did nothing within 20 days after being put on notice . . . ." FHP contends that the trial court erroneously denied its motion for relief from the default judgment.

In support of its argument, FHP first cites to *Anderson* in which this court stated: "When joined as a party plaintiff, no responsive pleading is required, and the twenty-day response requirement in sec. 802.09, Stats., does not apply." *Anderson,* 160 Wis. 2d at 399, 466 N.W.2d at 225.[4] FHP overlooks, however, that in this case it was *not* joined as a party plaintiff. Rather, it

---

[3] We note that FHP does not dispute that its answer was untimely. Nor do we read FHP's argument to contend that its failure to respond to the Holmans' amended complaint was due to excusable neglect or other justification pursuant to § 806.07, STATS. Rather, FHP contends that it was not required to file an answer or responsive pleading as a matter of law.

[4] When an amended complaint is filed, as one was in this case, "[a] party shall plead in response to an amended pleading within 20 days after service of the amended pleading . . . ." Section 802.09(1), STATS.

was joined as a party defendant. *Anderson* speaks only to the former, and it is of no avail to FHP.

█

Thus, we turn to § 802.06(1) and (2), STATS., governing responsive pleadings. The issue in this case is whether FHP was bound by this statute. Because the facts on this question are undisputed, the issue presented is one of law, and we review the trial court's determination de novo. *See Anderson,* 160 Wis. 2d at 397, 466 N.W.2d at 224. Despite our de novo standard of review, we value a trial court's decision on a question of law. *See Scheunemann v. City of West Bend,* 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993).

█

Section 802.06(1), STATS., requires that a "defendant shall serve an answer within 20 days after the service of the complaint . . . ." More importantly, para. (2)(a) requires that *"[e]very defense, in law or fact . . . to a claim for relief . . . shall be asserted in the responsive pleading* thereto if one is required . . . ." (Emphasis added.) This paragraph then goes on to recite ten specific defenses which may be made by motion instead of answer at the option of the pleader.[5]

█

Even though misjoinder is not a basis for dismissal of an action under § 803.06(1), STATS., we conclude that

---

[5] These ten defenses are: (1) lack of capacity to sue or be sued; (2) lack of jurisdiction over the subject matter; (3) lack of jurisdiction over the person or property; (4) insufficiency of summons or process; (5) untimeliness or insufficiency of service of summons or process; (6) failure to state a claim upon which relief can be granted; (7) failure to join a party under § 803.03, STATS.; (8) res judicata; (9) statute of limitations; and (10) another action pending between the same parties for the same cause. *See* § 802.06(2)(a), STATS.

it constitutes a "defense in law" which must be raised pursuant to § 802.06(2)(a), STATS.[6] Our supreme court recognized as much in *Chart v. Dvorak*, 57 Wis. 2d 92, 203 N.W.2d 673 (1973), where the court held that a party had not waived a misjoinder objection because the defense had been raised in the party's answer. *See id.* at 97, 203 N.W.2d at 675.

As the trial court noted, motions to amend the caption are routinely filed before the expiration of the twenty-day time limit and the improperly joined defendant may then be excused from answering.[7] Although FHP filed such a motion, it admittedly did so beyond the twenty-day limit of § 802.06(1), STATS., and without excusable neglect or other justification pursuant to § 806.07, STATS.

Finally, we observe that our holding also makes for a commonsense application of § 802.06(2)(a), STATS. Were the law otherwise, a misjoined party could simply ignore an otherwise proper pleading which has been properly served and which provides full notice of the claim. Here, both the original and amended complaints

---

[6] Thus, we make no judgment whether the improper joinder of FHP also constituted a potential defense under any of the specific categories of § 802.06(2)(a), STATS., especially the lack of capacity to be sued, failure to state a claim for relief, and failure to join a necessary party pursuant to subds. 1, 6 and 7, respectively, of the statute.

[7] The trial court stated:

> If a party feels that it has been improperly joined under the statute the Court believes that it's a reasonable burden and responsibility of that party to come forward and either file an answer and request realignment as it is done here or to take some other appropriate procedure perhaps to file a motion for realignment with a request that it then be relieved from having to answer. These are things that are done. Insurers do them and this court has seen them done.

gave notice to FHP that if it did not timely appear in the action, the Holmans would seek to foreclose FHP's potential subrogation rights. As the trial court aptly observed, "The red flag being waved in front of [FHP] could not have been any bigger or brighter . . . ."

Many of the defenses recited in § 802.06(2)(a), STATS., are absolute defenses which, if true, would require dismissal of the action with prejudice (i.e., statute of limitations and res judicata). A failure to interpose such a defense in a timely manner exposes the tardy party to default judgment even though the party might be fully exonerated if the defense had been timely raised. Misjoinder, however, is not an absolute defense; it raises no claim that the misjoined party may not actually be liable for the relief request, and the corrective action is not dismissal but rather a simple realignment of the misjoined party. If the law allows default judgment against a party who may not actually be liable to the claimant, it logically follows that it should allow the same sanction against a party whose tardy misjoinder defense raises no such prospect.

## CONCLUSION

We conclude that FHP was required to file a timely answer or other responsive pleading raising its misjoinder defense pursuant to § 802.06(1) and (2)(a), STATS. When FHP failed to do so, the trial court properly entered a default judgment against FHP. We affirm the default judgment and the trial court's subsequent order denying FHP's motion for relief from the judgment.[8]

[8] FHP also argues that the trial court's ruling deprived it of exercising its options under § 803.03(2)(b), STATS. *See Radloff v.*

*By the Court.*—Judgment and order affirmed.

*General Cas. Co.*, 147 Wis. 2d 14, 20, 432 N.W.2d 597, 599 (Ct. App. 1988). In addition, FHP argues that the trial court's ruling precluded it from obtaining a realignment of the caption to properly name it as a party plaintiff.

We agree that these are the consequences of the trial court's ruling which we uphold. But more to the point, these are also the consequences of FHP's *failure to timely respond to the complaint.* Whenever a party suffers default judgment, it loses the defenses or other options it might otherwise have asserted.