Christina HOLMAN and Qtroy Holman, Plaintiffs-Respondents,

v.

FAMILY HEALTH PLAN, Defendant-Appellant-Petitioner,

Sharon KADAMIAN and Continental Casualty Company, Defendants.

Supreme Court

*No.  97–1490–FT.  Oral argument October 13, 1998.—Decided July 7, 1999.*

(Also reported in 596 N.W.2d 358.)

For the defendant-appellant-petitioner there were briefs by *Ryan J. Hetzel* and *Daryl W. Laatsch, S.C.*, West Bend and oral argument by *Ryan J. Hetzel*.

For the plaintiffs-respondents there were briefs by *Mark J. Leuck, Chris G. Halverson* and *Schoone, For-*

■■■■■■■■

■■■■■■■■

*tune, Leuck, Kelly & Pitts, S.C.,* Racine and oral argument by *Mark J. Leuck.*

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *Holman v. Family Health Plan,* 216 Wis. 2d 100, 573 N.W.2d 577 (Ct. App. 1997), which affirmed an order of the Circuit Court for Racine County, Wayne J. Marik, Judge. The circuit court denied the motion of Family Health Plan to reopen the default judgment entered against it.

¶ 2. The issue presented is whether a default judgment can be entered on Family Health Plan's failure to answer the original complaint when prior to the expiration of the 20-day period in which to answer the original complaint, the plaintiffs filed an amended complaint in the circuit court but did not serve it on Family Health Plan.[1]

¶ 3. We hold that the default judgment against defendant Family Health Plan under the circum-

---

[1] Family Health Plan did not raise this issue in the circuit court, the court of appeals or this court. Instead, Family Health Plan argued that no default judgment should have been entered because it was improperly named as a party defendant as follows: (1) Family Health Plan was a subrogated health insurer; (2) Family Health Plan should have been named in the complaint as a party plaintiff rather than as party defendant pursuant to Wis. Stat. § (Rule) 803.03(2)(a) (1995–96); (3) because it was named as a party defendant instead of a party plaintiff, Family Health Plan need not file a responsive pleading to the complaint; and (4) because Family Health Plan need not file a responsive pleading to the complaint, no default judgment is possible.

This court raised the issue we address and gave the parties an opportunity to brief it.

stances of this case was a nullity and that the circuit court erred as a matter of law in denying the post-judgment motion to reopen the default judgment. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court to vacate the default judgment.

I

¶ 4.  The facts necessary to this appeal are undisputed. On July 5, 1994, Christina Holman was allegedly injured in an automobile accident with a car driven by Sharon Kadamian. At that time, she was covered under a group health insurance policy provided by Family Health Plan, and Family Health Plan paid a portion of her medical expenses related to the accident.

¶ 5.  On January 7, 1997, the plaintiffs filed a complaint in the circuit court for personal injuries against Kadamian and Kadamian's insurance carrier, CNA Insurance Company. They also named Family Health Plan as a defendant because there was a possibility that Family Health Plan might assert a claim for subrogation or reimbursement against the plaintiffs for its payment of medical expenses. On January 17, 1997, the plaintiffs served the complaint on both Kadamian and Family Health Plan.

¶ 6.  Six days later, on January 23, 1997, the plaintiffs filed an amended complaint in the circuit court. The amended complaint was complete in itself; it contained no reference to the original complaint or any part thereof. The only difference between the original and amended complaints was that the amended complaint changed the identity of Kadamian's liability insurer from CNA Insurance Company to Continental Casualty Company. The plaintiffs served the amended

complaint on Kadamian by mail and made personal service on Continental Casualty Company. They did not, however, serve the amended complaint on Family Health Plan.

¶ 7.  When Family Health Plan failed to answer the original complaint within the statutory 20-day period from the service of the original complaint, the plaintiffs filed a motion for default judgment, attaching proof of the January 17, 1997, service on Family Health Plan of the original complaint. On February 11, 1997, the circuit court entered default judgment against Family Health Plan on the original complaint, dismissed Family Health Plan from the suit and barred any claim of subrogation to which Family Health Plan might have been entitled.

¶ 8.  After entry of the default judgment, Family Health Plan filed an answer to the original complaint and motions for relief from the default judgment and to amend the case caption to have it named an involuntary plaintiff rather than a defendant.[2] The circuit court denied both motions, holding that "Family Health Plan's motion does not set forth as a basis for relief from the judgment any claim of mistake, inadvertence or excusable neglect" as required by Wis. Stat. § (Rule) 806.07 (1995–96).[3]

¶ 9.  The court of appeals affirmed the default judgment, holding that Family Health Plan "was required to file a timely answer or other responsive pleading raising its misjoinder defense pursuant to § 802.06(1) and (2)(a), Stats," and that when Family

---

[2] Along with its untimely answer to the original complaint, Family Health Plan also filed a counterclaim, cross-claim and notice of retainer.

[3] All subsequent references to the Wisconsin Statutes are to the 1995–96 text unless otherwise noted.

Health Plan failed to do so, the circuit court properly entered default judgment. *Holman*, 216 Wis. 2d at 110.

## II

¶ 10.   During oral argument this court raised for the first time the question of whether a default judgment can be entered on Family Health Plan's failure to answer the original complaint when the plaintiffs filed an amended complaint prior to the expiration of the 20-day period in which to answer the original complaint. Here, the plaintiffs filed such an amended complaint in the circuit court but did not serve it on Family Health Plan.[4]

██

¶ 11.   A circuit court has discretion in deciding whether to grant a default judgment. Similarly, a circuit court has discretion in deciding whether to grant relief from a default judgment. *See* Wis. Stat. § (Rule) 806.07; *Johns v. Oneida County*, 201 Wis. 2d 600, 605, 549 N.W.2d 269 (Ct. App. 1996). A circuit court erroneously exercises its discretion if it holds an erroneous view of the facts or the law, fails to use a demonstrated rational process in its conclusion or reaches a conclu-

---

[4] The parties stipulated that the amended summons and complaint were filed with the circuit court but were not served on Family Health Plan at any time. The brief filed by Family Health Plan's attorney states: "Neither Family Health Plan nor its attorneys were aware of the Amended Summons and Complaint having been filed prior to the appeal being brought in this case. The attorney from this office who was handling the appeal may have been aware of the amended pleadings when they were identified as part of the record when it was forwarded to the Court of Appeals. This writer was not aware of the amended pleadings until issues relating to them were raised by the Supreme Court."

sion that a reasonable judge could not have reached. We conclude that as a matter of law, the circuit court should not have entered the default judgment and Family Health Plan should have been granted relief from the default judgment.

¶ 12.   We begin with the oft-stated and simple rule that would appear to answer the question posed in this case: an amended complaint supersedes or supplants the prior complaint.[5] When an amended complaint supersedes a prior complaint, the amended complaint becomes the only live, operative complaint in the case on which default judgment can be entered. A default judgment entered on a complaint that has been superseded is a nullity.

¶ 13.   The difficulty with the oft-stated rule about amended complaints and prior complaints is that it does not answer the question presented in this case: When does an amended complaint supersede a prior complaint? The answer to the question of when an amended complaint supersedes a prior complaint depends on the circumstances of the case.

¶ 14.   We conclude that under the facts of the present case, the amended complaint superseded the original complaint as to Family Health Plan when the plaintiffs filed the amended complaint in the circuit court.

---

[5] *See J.F. Ahern Co. v. Building Comm'n,* 114 Wis. 2d 69, 79, 336 N.W.2d 679 (Ct. App. 1983); *Schweiger v. Loewi & Co., Inc.,* 65 Wis. 2d 56, 58, 221 N.W.2d 882 (1974); *Werner v. Reimer,* 255 Wis. 386, 388, 39 N.W.2d 917 (1949), *overruled on other grounds, In re Estate of Boots,* 73 Wis. 2d 207, 215, 243 N.W.2d 225 (1976).

¶ 15.  We reach this conclusion on the basis of the following reasoning. The plaintiffs exercised their right to amend their complaint, which they could do as a matter of course.[6] They were, however, required to serve the amended complaint on Family Health Plan.[7] Family Health Plan would have had 20 days from the date of service to answer the amended complaint.[8] Family Health Plan has been deprived of the opportunity to answer the amended complaint within this time period.

¶ 16.  The plaintiffs failed to serve the amended complaint on Family Health Plan but filed the amended complaint in the circuit court. According to Wis. Stat. § (Rule) 801.14(4), the filing of a paper constitutes a certification that a copy of the paper has been served on all parties required to be served "except as the person effecting the filing may otherwise stipulate

---

[6] Wis. Stat. § (Rule) 802.09(1) provides:

A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires.

[7] Wis. Stat. § (Rule) 801.14(1) provides inter alia that "every pleading unless the court otherwise orders. . .shall be served upon each of the parties."

[8] Wis. Stat. § (Rule) 802.09(1) provides inter alia:

A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s.802.01(1).

In 1997, the legislature amended this provision changing the period in which to answer an amended pleading from 20 to 45 days. *See* 1997 Wis. Act 187, § 18.

in writing."[9] The plaintiffs' attorneys filed affidavits of mailing or personal service of the amended complaint on the parties other than Family Health Plan. The parties have, in response to this court's questions, stipulated that the amended complaint was not in fact served on Family Health Plan.

¶ 17. There is no reason why the plaintiffs in this case should be relieved from complying with the minimal service requirements established for amended complaints or why they should benefit from their failure to comply with the rules of service. Family Health Plan moved for relief from the default judgment within a short time after its entry and promptly proceeded with appeal after its motion for relief was denied. Therefore, the plaintiffs have had prompt notice that the default judgment was being challenged, and the plaintiffs were not prejudiced by Family Health Plan's seeking to overturn the default judgment. A case in which a defaulting defendant moves for relief from a default judgment a long time after entry of the judgment may well be treated differently because in that case prejudice to the plaintiff is more likely and the interest in the finality of the judgment weighs heavier.

¶ 18. Under all of the circumstances in this case, we strive for a resolution of this case that would, to the extent possible and without undue burden on either the plaintiffs or Family Health Plan, put the parties in

---

[9] Wis. Stat. § (Rule) 801.14(4) provides:

All papers after the summons required to be served upon a party. . .shall be filed with the court within a reasonable time after service. The filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that that a copy of such paper has been timely served on all parties required to be served, except as the person effecting the filing may otherwise stipulate in writing.

substantially the same positions they would have been in had the plaintiffs served Family Health Plan with the amended complaint. To accomplish this goal, we conclude that in this case the amended complaint superseded the original complaint when the amended complaint was filed in the circuit court. We further conclude that the default judgment in this case is a nullity because it was entered on the superseded original complaint.[10]

■

¶ 19. An amended complaint supplants the original complaint when the amended complaint makes no reference to the original complaint and incorporates by reference no part of the original complaint. The question is when this supplanting takes place with respect to a party who was not served with the amended complaint. The plaintiffs' filing of the amended complaint in the circuit court before Family Health Plan's time for answering the original complaint had expired was, in effect, notice that the plaintiffs substituted the amended complaint for the original complaint. Thus the plaintiffs foreclosed their ability to obtain default judgment against Family Health Plan on the original complaint when they filed the amended complaint. Because the default judgment in this case was based on the original rather than the amended complaint, it is a nullity.

¶ 20. Our decision is consistent with decisions of other state courts. *See, e.g., Reichert v. TRW, Inc.*, 611 A.2d 1191 (Pa. 1992) (filing of amended pleading is a withdrawal of the original complaint; default judgment had to be entered on amended complaint that was admittedly not served on the defendant); *Harris v.*

---

[10] Therefore, we do not address the other arguments made by the parties for why default judgment was or was not proper.

*Shoults*, 877 S.W.2d 854 (Tex. App. 1994) (default judgment in accord with original pleading reversed; amended pleading that was not served supersedes original pleading even as to claims identical to those in the amended pleading).

¶ 21.   Our conclusion also comports with federal practice. For guidance in interpreting our rules of civil procedure, this court will look to the interpretation of analogous federal rules.[11] The federal counterpart to Wis. Stat. § (Rule) 802.09(1) relating to the amendment of pleadings is Rule 15(a) of the Federal Rules of Civil Procedure.

¶ 22.   Rule 15(a) is interpreted as providing that an amended pleading that is complete in itself and does not reference or adopt any portion of the prior pleading supersedes the prior pleading. 3 *Moore's Federal Practice* § 15.17[3] (3d ed. 1998). An amended complaint, on its submission to the court, becomes the operative complaint in the case.[12] *Duda v. Franklin Park Public School Dist.*, 133 F.3d 1054, 1057 (7th Cir. 1998).

---

[11] *See, e.g., Schauer v. DeNeveu Homeowners Ass'n*, 194 Wis. 2d 62, 73, 533 N.W.2d 470 (1995); *State v. Peterson*, 104 Wis. 2d 616, 632–34, 312 N.W.2d 784 (1981).

[12] The plaintiffs do not argue that the amended complaint relates back to the original complaint and the relation back somehow saves the default judgment. The relation back provisions of Wis. Stat. § (Rule) 802.09(3) are not applicable in this case. The evident purpose behind § 802.09(3) is to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised. *Korkow v. General Casualty Co.*, 117 Wis. 2d 187, 196, 344 N.W.2d 108 (1984); *Biggart v. Barstad*, 182 Wis. 2d 421, 430, 513 N.W.2d 681 (Ct. App.), *review denied*, 520 N.W.2d 90 (1994).

¶ 23. The plaintiffs make four arguments to support the validity of the default judgment. First, the plaintiffs argue that pursuant to Wis. Stat. § (Rule) 801.02(1) they had until March 28 (60 days after the filing of the amended complaint) to serve the amended complaint on Family Health Plan.[13] Relying on this provision for service of a complaint, the plaintiffs ask the court to hold that the amended complaint was not operative until served and that the amended complaint did not supersede the original complaint with respect to Family Health Plan because the amended complaint was never served on Family Health Plan. According to the plaintiffs, the original complaint thus remained valid and could support a default judgment.

¶ 24. This argument fails because Wis. Stat. § (Rule) 801.02(1) applies to an original summons and complaint to commence an action and not to an amended complaint such as the one in this case. Once the action was commenced and personal jurisdiction was obtained on Family Health Plan, as in this case, the plaintiffs did not have to comply with § 801.02(1) to serve an amended complaint on a non-defaulting party.[14] Instead, the plaintiffs were required to comply with the service requirements of Wis. Stat. § (Rule) 801.14(1), as discussed above.

---

[13] Wis. Stat. § (Rule) 801.02(1) provides that a civil action is commenced as to any defendant when a summons and complaint naming the defendant are filed with the court, provided service of authenticated copies of the summons and the complaint is made upon the defendant within 60 days after filing.

[14] See J.F. Ahern Co. v. Building Comm'n, 114 Wis. 2d at 80; Bell v. Employers Mut. Cas. Co., 198 Wis. 2d 347, 362, 541 N.W.2d 824 (1995).

¶ 25. The plaintiffs have confused Wis. Stat. § (Rule) 801.02, which governs commencement of actions, with Wis. Stat. § (Rule) 801.14(1) and (2), which provide that service of all other papers may be by personal or mail service or if no address is known by leaving them with the clerk of court.[15] Thus the plaintiffs in the present case were required to serve the amended complaint on Family Health Plan in accordance with Wis. Stat. § (Rule) 801.14(1) prior to filing the amended complaint.[16]

¶ 26. Second, the plaintiffs rely on Wis. Stat. § (Rule) 801.14(1), claiming that they did not have to serve Family Health Plan with the amended complaint and that therefore the amended complaint did not supersede the original complaint. Section 801.14(1) provides in pertinent part that "[n]o service need be made on parties in default for failure to appear except. . .pleadings asserting new or additional claims for relief against them. . . ." We agree with the plaintiffs that the amended complaint in the present case did not assert a new or additional claim for relief against Family Health Plan. We conclude, however, that § 801.14(1)

---

[15] *See J.F. Ahern Co.*, 114 Wis. 2d at 80; *Bell*, 198 Wis. 2d at 362; 2 *Callaghan's Wisconsin Pleading and Practice* § 19.65 at n.1, p. 456 (4th ed. 1996)

[16] The rules assume that the parties will be served before the paper is filed with the circuit court. Section 801.14(4) further provides that "the filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served, except as the person effecting the filing may otherwise stipulate in writing." In this case counsel for the plaintiffs filed affidavits of service on two defendants but no affidavit of service was filed for service on Family Health Plan.

is not applicable in this case because when the amended complaint was filed, the time for Family Health Plan to answer the original complaint had not expired. Section 801.14(1) excuses service of certain amended pleadings only on defendants who are in default and therefore has no application here because Family Health Plan was not in default at the time service was required. We therefore reject the plaintiffs' reliance on § 801.14(1) to excuse their failure to serve the amended complaint on Family Health Plan.

¶ 27. The plaintiffs' third argument, relying on Wis. Stat. § (Rule) 802.06, is that Family Health Plan waived the issue of lack of service of the amended complaint because Family Health Plan never raised it in the circuit court, the court of appeals or this court. We have previously concluded that the default judgment in this case is a nullity. Because a void judgment cannot be validated by waiver, *Neylan v. Vorwald*, 124 Wis. 2d 85, 97, 368 N.W.2d 648 (1985) (quoting *Kohler Co. v. ILHR*, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977)), this argument is without merit.

¶ 28. Fourth, the plaintiffs argue that their position is supported by *Ness v. Digital Dial Communications, Inc.*, 222 Wis. 2d 374, 588 N.W.2d 63 (Ct. App. 1998). This court affirmed the court of appeals. *Ness v. Digital Dial Communications, Inc.*, 227 Wis. 2d 592, 596 N.W.2d 365 (1999). We conclude that the *Ness* case, both in the court of appeals and in this court, is consistent with the reasoning in this opinion.

¶ 29. In *Ness*, both defendants failed to appear within their respective 20-day answer periods. After the defendants were in default, the plaintiffs filed an amended complaint to correct the address of one of the defendants. The amended complaint was not served on

491

the defaulting defendants but was filed in circuit court. After the amended complaint was filed in circuit court, the plaintiffs moved for default judgment against both defendants, which the circuit court granted.

¶ 30. The amended complaint in *Ness* did not assert new or additional claims against the defaulting defendants. Accordingly, the amended complaint was not required to be served on the defaulting defendants, and the original complaint was the operative document at the time of the defendants' default. In *Ness*, unlike in the present case, the amended complaint was filed after the defendants were in default, and the *Ness* plaintiffs, unlike the plaintiffs in the present case, were not required by Wis. Stat. § (Rule) 801.14(1) to serve the amended complaint. Thus, in *Ness*, the default judgment was properly entered upon the original complaint under the terms of Wis. Stat. § (Rule) 801.14(1) despite the filing of an amended complaint.

¶ 31. The court of appeals in *Ness* discusses *International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978), which is factually distinct from both *Ness* and the present case. In *Vesco*, the defendant did not answer a complaint that was filed in June 1973. An amended complaint asserting an additional claim against the defendant was filed after the defendant was in default; the amended complaint was not personally served on the defendant as required by federal Rule 4.[17] Subse-

---

[17] Rule 5(a) (the federal counterpart of Wis. Stat. § (Rule) 801.14(1)) provides that "no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Therefore the governing service rule in *Vesco* was Rule 4.

quently a default judgment was entered against the defendant on the original complaint.

¶ 32.   On these facts, the *Vesco* court held that a default judgment was properly rendered on the original complaint despite the filing of an amended complaint because, without the required personal service of the amended complaint, the only operative document was the original complaint. The *Vesco* court set forth two rationales for its holding that an amended complaint asserting a new or additional claim supersedes the original complaint only when service of the amended complaint is accomplished. The *Vesco* court explained that a contrary holding (1) would leave a case in suspended animation until the amended complaint was properly served, with the court perhaps even lacking personal jurisdiction over the defendant; and (2) would introduce into the plaintiffs' decision to amend the complaint a substantial risk inconsistent with the policy underlying the federal procedural system of liberally allowing the amendment of pleadings. *Vesco*, 556 F.2d at 669.

¶ 33.   In this case, unlike in *Vesco*, the defendant (Family Health Plan) was not in default. In this case, unlike in *Vesco*, the amended complaint did not assert a new or additional claim. In this case, unlike in *Vesco*, the defendant (Family Health Plan) did not need to be personally served under Wis. Stat. § (Rule) 801.11. In

---

Thus when an amended complaint asserts new or additional claims for relief against a defaulting defendant, personal service under Rule 4 (the federal counterpart of Wis. Stat. § (Rule) 801.11) is required. *See Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174 (C.D. Cal. 1998) (misinterpreting *Vesco* as referring to service under Rule 5(a) instead of service under Rule 4 for an amended complaint asserting new or additional claims for relief).

the present case there was no danger of the court losing personal jurisdiction over the defendant, which was the central concern of the *Vesco* court.

¶ 34.   Unlike in *Vesco*, no public policy reasons justify excusing the plaintiffs' failure in this case to serve Family Health Plan with the amended complaint or support a deviation from the rule that an amended complaint ordinarily supersedes the original complaint.

¶ 35.   We hold that the default judgment against defendant Family Health Plan under the circumstances of this case was a nullity and that the circuit court erred as a matter of law in denying the post-judgment motion to grant Family Health Plan relief from the default judgment and for further proceedings consistent with this opinion.

¶ 36.   Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court to vacate the default judgment.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.