**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 9, 2023**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP575**

Cir. Ct. No. 2022SC2014

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

BERRADA PROPERTIES 66 LLC,

PLAINTIFF-RESPONDENT,

V.

CHAKARI LATHAN,

DEFENDANT-APPELLANT,

ALL OTHER OCCUPANTS,

DEFENDANT.

---

APPEAL from a judgment and orders of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Reversed and cause remanded with directions*.

¶1 DUGAN, J.[1] Chakari Lathan (Lathan) appeals an order denying her motion to dismiss, a judgment in favor of Berrada Properties 66 LLC (Berrada Properties) for restitution of the subject premises, and an order for a writ of restitution.[2] On appeal, Lathan argues that Berrada Properties did not plead sufficient facts in its original complaint, that the trial court lacked personal jurisdiction because the complaint was not signed by a properly authorized person or an attorney, and that Berrada Properties' amended complaint was also defective. This court concludes that Berrada Properties failed to plead sufficient facts to support its eviction claim. Thus, this court reverses the order denying Lathan's motion to dismiss, the judgment in favor of Berrada Properties for restitution of the subject property, and the order issuing the writ of restitution, and remands, with directions, to grant Lathan's motion to dismiss.[3]

## BACKGROUND

¶2 This case involves a small claims eviction action that was filed in the Milwaukee County Circuit Court, Case No. 2022SC2014 on January 27, 2022 by

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] This court notes that after the trial court denied Lathan's motion to dismiss during the hearing on the motion to dismiss, Lathan and her counsel advised the court that Lathan was "agreeable to having the writ issued for the eviction, but staying it until March 31st, to allow [Lathan] time to voluntarily move out before the sheriffs need to evict her." The trial then stated that based on the agreement of the parties, "[t]he court does issue a writ here that is stayed until March 31st." On that day, the court signed an order that states, "[w]rit of restitution is issued. Stay of writ ordered to: March 31, 2022."

[3] Because this court concludes that Berrada Properties failed to plead sufficient facts to support its eviction claim, it does not address Lathan's argument that the trial court lacked personal jurisdiction because the complaint was not signed by a properly authorized person or an attorney. *See* **State v. Blalock**, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground.").

2

Berrada Properties. The summons and complaint were "electronically signed by "Jerri Burt – Agent for the Plaintiff." An authorization to commence, prosecute, defend, appear, and act by Jerri Burt as an agent of Berrada Properties was also filed on January 27, 2022. It was dated November 18, 2021 and signed by "James L. Robinson, Jr. - Attorney for [Berrada Properties]."[4] On February 23, 2022, an amended authorization was filed with the court, authorizing Burt to act on Berrada Properties' behalf in this action—the authorization was signed by Yousssef Berrada, member [of the LLC]. The authorization did not have a date that it was signed. On February 23, 2022, Berrada Properties also filed an amended summons and complaint that was signed by "Attorney James L. Robinson Jr."

¶3    Lathan appeared in court on the return date on February 23, 2022, and raised defenses that: (1) the court lacked personal jurisdiction over the action because the case was initially commenced by Burt, who did not have authorization from Berrada Properties to act as its agent, nor was he an attorney at the time the summons and complaint were filed; and (2) the summons and complaint failed to allege sufficient facts to support the eviction claim. After hearing arguments from the parties, the court commissioner set the case for a contested hearing before Judge David Swanson on March 22, 2022. At that hearing, Lathan argued that the court lacked personal jurisdiction because the complaint was not signed by a

---

[4] This court notes that the parties do not dispute that pursuant to WIS. STAT. § 799.06 and §799.40, Burt was not properly authorized by Berrada Properties to act as its agent in the eviction action. Pursuant to the statutes, Berrada Properties, not its attorney, had to authorize Burt to act as its agent for the purposes of the small claims action. Berrada Properties does not dispute that the when it was filed, the complaint was defective "caused by an improper authorization for an agent to appear and act, pursuant to WIS. STAT. § 799.06." However, it argues that the defect was promptly cured. By contrast, Lathan argues that the trial court did not have personal jurisdiction because of the defect and moved to dismiss on that ground.

properly authorized person or an attorney, and that the complaint failed to sufficiently state a claim for eviction. Berrada Properties argued that the defect in commencing the action was promptly cured and the complaint sufficiently pleaded facts to support its claim for eviction.

¶4 The trial court held that although there was a fundamental defect in the summons and complaint with regards to the unauthorized agent commencing the action, that defect was properly curable and was cured by the return date on February 23, 2022. As to the failure to state a claim issue, the trial court found that the court-approved summons and complaint forms that Berrada Properties used satisfied the notice of pleading standard and was sufficient for small claims actions. The court stated:

> The court has approved this standard form that Plaintiff is using, for reasons discussed more fully in the other cases I just cited to, where this Court held in 22-SC-1511, 22-SC-1510, and 22-SC-1646. In general, the Court finds that Plaintiff's standard form complaint, which is also used in this case, satisfies the standards applicable to notice pleading, and also the general standard of informality that applies in small claims proceedings under statute Section 799.209.
>
> So again, the court reaches the same decision here as it did in those other cases, and for those reasons, the Court denies this motion to dismiss.[5]

Lathan's trial counsel then informed the court that he and Berrada Properties' counsel had discussions off the record and they agreed that the court should issue a writ for the eviction. The CCAP entry reflects:

---

[5] This court notes that any transcripts from those other proceedings or written decisions in those cases are not in the record on appeal. Moreover, in this case the trial court did not orally state during the hearing what its reasoning was in reaching its decisions in those cases. Thus, this court is not aware of the trial court's discussions and reasoning in deciding the issues in this case.

> For reasons stated on the record the Court DENIES Motion to Dismiss. The Court finds that the Plaintiff has a lawful right to Restitution of the Premises. Based upon the record, the Court renders Judgment in favor of the Plaintiff for Restitution of the Premises with costs and disbursements. Stay of Writ of Restitution Order to 3/31/2022.[6]

The CCAP entry also reflects that the writ of restitution was signed and filed February 23, 2022.

¶5    Lathan now appeals.

## DISCUSSION

¶6    On appeal, Lathan raises the same arguments that she raised before the trial court—that Berrada Properties did not plead sufficient facts in the complaint and that the trial court lacked personal jurisdiction because the complaint was not signed by a properly authorized person or an attorney. For the reasons stated below, this court concludes that Berrada Properties failed to plead sufficient facts to support its eviction claim.

### I.    Failure to Plead Sufficient Facts for Eviction Claim

*Applicable Law*

¶7    This court first addresses the applicable law that applies in determining whether a complainant sufficiently pleads facts to support the claim alleged in the complaint. In *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693, our supreme court stated that

---

[6] We may take judicial notice of the circuit court records entered into CCAP, pursuant to Wis. Stat. § 902.01. CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs, and the online website reflects information entered by court staff. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

"[w]hether a complaint states a claim upon which relief can be granted is a question of law for independent review…." "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Id*. at ¶19 (citation omitted). Our supreme court went on to explain that:

> Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom … However, a court cannot add facts in the process of construing a complaint … Furthermore, legal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss … Therefore, it is important for a court considering a motion to dismiss to accurately distinguish pleaded facts from pleaded legal conclusions.

*Id*. (citations omitted).

¶8     In addition to the holdings in *Data Key*, this court must also consider two statutes that apply to Lathan's motion to dismiss the eviction complaint for failure to state a claim. The first statute is WIS. STAT. § 802.02(1), which sets forth the requirements for a complaint, if it is to withstand a motion to dismiss for failure to state a claim. The statute provides as follows:

> General rules of pleading
>
> (1) Contents of pleadings. A pleading or supplemental pleading that sets forth a claim for relief, whether an original or amended claim, counterclaim … shall contain all of the following:
>
> (a) A short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief.

Thus, under § 802.02(1), a complaint must contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled

to relief." ***John Doe 67C v. Archdiocese of Milwaukee***, 2005 WI 123, ¶35, 284 Wis. 2d 307, 700 N.W.2d 180 (***John Doe 67C***).

¶9 In ***John Doe 67C***, the court further explained that "[h]owever, a complaint cannot be completely devoid of factual allegations. The notice pleading rule, while intended to eliminate many technical requirements of pleading, nevertheless requires the plaintiff to set forth a statement of circumstances, occurrences and events in support of the claim presented." ***Id***. at ¶36 (citations and quotations omitted). Moreover, in ***Data Key***, our supreme court stated that "[b]are legal conclusions set out in a complaint provide no assistance in warding off a motion to dismiss. Plaintiffs must allege facts that, if true, plausibly suggest a violation of applicable law." ***Data Key***, 356 Wis. 2d 665 at ¶21. The court further explained that "[f]actual assertions are evidenced by statements that describe: who, what, where, when, why, and how." ***Id***. at fn. 9 (citation omitted).

¶10 In addition to WIS. STAT. § 802.02(1), because this case involves an eviction claim, this court must also consider WIS. STAT. § 799.41(1), which sets forth the requirements for a complaint, if it is to withstand a motion to dismiss for failure to state a claim in a small claims eviction action. That statute provides as follows:

> Complaint in eviction actions
>
> (1) The complaint shall be in writing and subscribed by the plaintiff or attorney in accordance with s. 802.05. The complaint shall identify the parties and the real property which is the subject of the action and **state the facts which authorize the removal of the defendant** … A description by street name and number is sufficient. (emphasis added).

This court concludes that the requirements set forth in §799.41(1) are consistent with the holdings in ***Data Key*** and ***John Doe 67C***.

¶11    Having set forth the law applicable to Berrada Properties' eviction claim, this court's next step in its analysis is to examine the allegations in complaint to determine if they are sufficient to support the claim for eviction.

*Facts Set Forth in Berrada Properties' Original Complaint*

¶12    As noted, Berrada Properties' original complaint was filed on January 27, 2022.  The caption identified the parties as:  "Plaintiff … *Berrada Properties 66 LLC*," and "Defendant … Lathan, Chakari, et al."[7]  The complaint has several boxes that a plaintiff may check—here, the box entitled, "Eviction" was checked.  The complaint further contains the following:

1.  Plaintiff's Demand:[8]

    1. Plaintiff demands judgement for:  **$TBD** (This court assumes this was typed in by Berrada Properties)

    2. Eviction[9]

    Plus interest, costs, attorney fees, if any, and such other relief as the court deems proper.

2.  **Brief statement of dates and facts**:  (This court notes that there is open space below this line for the plaintiff to insert the required information)

    DEFENDANT(S) SERVED WITH A TERMINATION OF TENANCY NOTICE AND FAILED TO VACATE THE PROPERTY

---

[7] The summons attached to the complaint which was signed by the clerk of courts listed the defendants as Lathan and "ALL OTHER OCCUPANTS."

[8] The complaint also contains the Spanish translation for the complaint—this court does not include that translation.

[9] This court notes that the form complaint lists several options that are not relevant to this case that may be chosen to describe the nature of the case.

¶13     This court concludes that the complaint fails to sufficiently allege facts necessary to support Berrada Properties' claim for eviction. At most, the complaint identifies the parties, that it involves a claim for eviction, and that there is a claim for some unknown amount of money. It does not explain what facts the claim for eviction is based upon. In other words it does not say why Berrada Properties is entitle to a judgment of eviction.

¶14     Most significantly, it does not "**state the facts which authorize the removal of [Lathan]**." *See* § 799.41(1) (emphasis added). As the form itself recognizes, the plaintiff is required allege a "[b]rief statement of dates and facts." There are no dates, there are no facts regarding what kind of lease Lathan was a party to, and more importantly, what facts authorized her removal—failure to pay rent, breach of some term in the lease, or some other basis, and when any of those facts occurred.

¶15     Berrada Properties argues that "the phrase 'termination of tenancy notice' subsumes the termination of all types of tenancies by all types of notices included in Chapter 704." It then asserts that:

> Thus, this statement leads to the following reasonable inferences:  1) that a tenancy existed (lease); 2) that there are grounds for termination (breach); 3) that a written notice was given; and 4) that the desired relief is to have the defendant(s) removed from the property since they failed to vacate voluntarily after being served with a termination of tenancy notice.

It then argues that "those inference[s] were confirmed by the fact that this matter was before the trial court in an eviction action and a writ of restitution was issued." Basically, Berrada Properties is arguing that it is sufficient to allege in an eviction complaint that there was a lease, the tenant breached the lease, and it is entitled to evict the tenant.

9

¶16    However, this court concludes that Berrada Properties' argument ignores the holdings in **Data Key** and **John Doe 67C**.  As noted, in **Data Key**, our supreme court explained that courts accept as true reasonable inferences from "all facts well-pleaded in the complaint … However, a court cannot add facts in construing a complaint."  356 Wis. 2d 665 at ¶19.  Furthermore, the legal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss."  **Id**.  In **John Doe 67C**, our supreme court also stated that "[t]he notice pleading rule, while intended to eliminate many technical requirements of pleading, nevertheless requires the plaintiff to set forth a statement of circumstances, occurrences and events in support of the claim presented."  284 Wis. 2d 307 at ¶36 (quotations omitted).  In **Data Key**, the court further explained that "[f]actual assertions are evidence by statements that describe:  who, what, where, when, why, and how."  356 Wis. 2d 665 at ¶21, fn. 9 (quotations and citation omitted).

¶17    This court concludes that Berrada Properties' complaint "requires the court to indulge in too much speculation leaving too much to the imagination of the court."  **John Doe 67C**, 284 Wis. 2d 307 at ¶36.  It is completely devoid of the what, where, when, why, and how Berrada Properties is entitled to evict Lathan.  Further, Berrada Properties' argument would require this court to add facts to the complaint in construing it, which this court cannot do.  Basically, Berrada Properties argues that the phrase, "DEFENDANT(S) SERVED WITH A TERMINATION OF TENANCY NOTICE AND FAILED TO VACATE THE PROPERTY" is sufficient in any eviction complaint, no matter what the facts are in that case.  However, if that were true, this court would have to ignore the language in §799.41(1), that the complaint in an eviction action "shall … state the **facts which authorize the removal of the defendant**" (emphasis added).  The

facts in each case are not universally the same. If this court accepted Berrada Properties' argument, the complaint in each eviction action would be exactly the same, with the exception being the name of the parties and the address of the property.[10]

¶18 This court concludes that Berrada Properties' universal standard language does not constitute facts that authorize the removal of Lathan. Just because it is alleged that Lathan was served with a termination of tenancy notice and failed to vacate the property, does not mean Berrada Properties is entitled to a judgment of eviction—it is a legal conclusion that this court does not accept as true. *See **Data Key***, 356 Wis. 2d 665 at ¶19. The fact that a tenant is served with a termination of tenancy notice, does not tell the tenant or the court the what, where, when, why, and how Berrada Properties is entitled to remove Lathan—it is not sufficient under Wisconsin's notice pleadings rule. Thus, this court reverses the trial court's decision to dismiss Lathan's motion to dismiss, reverses the decision granting judgment in favor of Berrada Properties for restitution of the subject property, and the order issuing the writ of restitution.

## II. Berrada Properties' Amended Complaint

¶19 As noted above, on February 23, 2022, Berrada Properties also filed an amended complaint signed by "Attorney James L. Robinson, Jr." Lathan asserts that that the amended complaint is defective because it contains the wrong plaintiff's name, an incorrect address for the property, and the wrong defendant.

---

[10] See the language in Berrada Properties' amended complaint that is addressed in the section that follows.

*Applicable Law*

¶20    In ***Holman v. Family Health Plan***, 227 Wis. 2d 478, 484, 596 N.W.2d 358 (footnote with citations omitted), our supreme court stated, "[w]e begin with the oft-stated and simple rule that would appear to answer the question posed in this case:  an amended complaint supersedes or supplants the prior complaint.  When an amended complaint supersedes a prior complaint, the amended complaint becomes the only live, operative complaint in the case…."  It further explained that "[a]n amended complaint supplants the original complaint when the amended complaint makes no reference to the original complaint and incorporates by reference no part of the original complaint." ***Id***. at 487.

*Language in the Amended Complaint*

¶21    The summons and complaint signed by the clerk of courts lists Berrada Properties as the plaintiff and Lathan as the defendant and was titled, "Amended Summons and Complaint."  However, the summons and complaint signed by attorney Robinson, Jr. had completely different parties and a different property address.  The plaintiff is listed as "Willow Court Apartments LLC," the defendant is listed as "Darvin Davis, et. al.," and his address is listed as "5314 N Teutonia Ave, #1."  The other language in the summons and complaint was the same as in the original complaint, as follows:

1.  Plaintiff's Demand:

    1. Plaintiff demands judgement for:  **$TBD**

    2. Eviction

    Plus interest, costs, attorney fees, if any, and such other relief as the court deems proper.

2.  **Brief statement of dates and facts**:

DEFENDANT(S) SERVED WITH A TERMINATION OF TENANCY NOTICE AND FAILED TO VACATE THE PROPERTY

As in the original complaint, the box for eviction was also checked. The amended complaint makes no reference to the original complaint and does not incorporate by reference any part of the original complaint.

*Conclusion*

¶22    Based on the facts in this case, this court concludes that Berrada Properties' amended complaint, filed before the trial court granted judgment in this case, became the only live, operative complaint in this case. Moreover, because the complaint identifies the wrong plaintiff, the wrong defendant, and the wrong address of the property, it is defective as to Lathan. This court concludes that because the defective amended complaint was the only live operative complaint at the time of the motion to dismiss, the court erred in granting judgment in favor of Berrada Properties and denying Lathan's motion to dismiss.

¶23    This court further notes that although Lathan made her argument regarding the amended complaint in her brief, Berrada Properties does not mention her argument, let alone make an attempt to refute it in its response brief. Thus, this court concludes that Berrada Properties did not refute Lathan's argument; therefore, it considers Berrada Properties to have conceded this issue. *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession).

**CONCLUSION**

¶24    For the reasons stated above, this court concludes that Berrada Properties failed to plead sufficient facts in its complaint to support its claim for eviction and also failed to mention, let alone refute, Lathan's argument that the amended complaint was deficient and, therefore, conceded her argument. Thus, this court reverses the trial court's order denying Lathan's motion to dismiss, the judgment in favor of Berrada Properties for restitution of the subject premises, and the order issuing the writ of restitution, and remands, with directions, to grant Lathan's motion to dismiss.

*By the Court.*—Judgment and orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.