**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 24, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2147**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV661

IN COURT OF APPEALS
DISTRICT III

---

ROGER BRAZEAU AND TINA BRAZEAU,

    PLAINTIFFS-APPELLANTS,

  V.

NUMALE WISCONSIN GB, S.C.,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Brown County: DONALD R. ZUIDMULDER, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Roger Brazeau and Tina Brazeau appeal from an order that dismissed a twice-amended class action claim they filed against NuMale

Wisconsin GB, S.C., alleging illegal broker, lending, and sales actions in violation of WIS. STAT. § 422.505 (2023-24).[1] The Brazeaus contend that the circuit court erred procedurally by granting summary judgment under WIS. STAT. § 802.08 prior to the issue being joined with an answer to their second amended complaint. The Brazeaus' contention mischaracterizes the procedural posture of the case, however. We conclude that the circuit court properly dismissed the § 422.505 claim pursuant to WIS. STAT. § 802.06(2)(b) in response to a motion to dismiss the second amended complaint. Accordingly, we affirm the court's order.

## BACKGROUND

¶2 The first amended complaint alleged that NuMale arranged or facilitated third-party financing for Roger (and similarly situated putative class members) to obtain medical services from NuMale, without providing the disclosures required to be given by credit services organizations under WIS. STAT. § 422.505. NuMale moved to dismiss the first amended complaint on the ground that NuMale was not a credit services organization under the definition provided in WIS. STAT. § 422.501(2)(a), and therefore it was not subject to § 422.505.

¶3 After the parties briefed the issue, the circuit court held a hearing at which it noted that it was "inclined to grant" the dismissal motion. Instead, however, the court took the dismissal motion under advisement and provided the Brazeaus with an opportunity to file a second amended complaint to "go straight at NuMale" and raise a less "convoluted" contract claim challenging a portion of the contract as unconscionable.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶4 The Brazeaus then filed a second amended complaint, which contained essentially the same class action claim from the first amended complaint, alleging a violation of WIS. STAT. § 422.505, but which also added a second class action claim for breach of contract. Rather than filing an answer, NuMale moved to dismiss the second amended complaint on the dual grounds that (1) it went "beyond the scope of the leave" the circuit court had granted to amend the first amended complaint and (2) the "reasons articulated in the briefing" in support of NuMale's prior motion to dismiss the first amended complaint applied equally to the second amended complaint.[2]

¶5 In the order that is the subject of this appeal, the circuit court dismissed the WIS. STAT. § 422.505 claim and removed the class certification from the breach of contract claim. The court cited both WIS. STAT. § 802.06(2)(b) (which allows specified defenses to be raised by motion prior to pleading) and WIS. STAT. § 802.08 (the summary judgment statute) in its written decision, but it did not state the actual reasons for its decision in either its oral pronouncement or its written decision. The court subsequently dismissed the remaining individual breach of contract claim without prejudice, pursuant to a stipulation of the parties, rendering the prior dismissal order final. The Brazeaus now appeal, challenging the dismissal of their § 422.505 claim.

**DISCUSSION**

¶6 The sole issue the Brazeaus raise on appeal is that the circuit court procedurally "erred in granting summary judgment before the issue had been

___

[2] NuMale also renewed its motion to dismiss the first amended complaint, which the circuit court denied as moot.

joined." In support of that contention, they assert that: (1) the second amended complaint fully supplanted the first amended complaint; (2) a responsive pleading to the second amended complaint was required; (3) NuMale's motion to dismiss the first amended complaint cannot be incorporated by reference into its motion to dismiss the second amended complaint; and (4) absent a responsive pleading, summary judgment is unavailable. We address each of these assertions in turn.

¶7 First, we agree that the second amended complaint superseded the first amended complaint. *See **Holman v. Family Health Plan***, 227 Wis. 2d 478, 484, 596 N.W.2d 358 (1999). The circuit court implicitly recognized this point as well, when it denied NuMale's renewed motion to dismiss the first amended complaint as moot. Because the court in fact accepted the second amended complaint and allowed one of its claims to proceed, we need not address NuMale's argument that the court could have rejected the second amended complaint for failing to comply with perceived "limitations" the court had set on amending the first amended complaint.

¶8 Second, we agree NuMale was required to file a responsive pleading to the second amended complaint pursuant to WIS. STAT. § 802.09. What the Brazeaus fail to acknowledge, however, is that the time for NuMale to file its responsive pleading was tolled under WIS. STAT. § 802.06(1)(b) once NuMale filed a motion under § 802.06(2)(a)6. and (b) to dismiss the second amended complaint for failure to state a claim upon which relief could be granted. Thus,

NuMale was *not* required to file an answer to the second amended complaint while its motion to dismiss that complaint was still pending.[3]

¶9    Third, we disagree that NuMale was prohibited from incorporating arguments from its motion to dismiss the first amended complaint into its motion to dismiss the second amended complaint. The cases the Brazeaus cite holding that the answer to a complaint does not stand as an answer to a superseding complaint are inapplicable because they simply do not address incorporations by reference into motions and related briefing. We note that such incorporations by reference during motion practice are commonplace.

¶10    The Brazeaus make a related argument that certain changes they made to their factual allegations in the second amended complaint undermine the arguments for dismissal that NuMale made in its motion to dismiss the first amended complaint. We emphasize, however, that the Brazeaus do not challenge the actual merits of the circuit court's decision to dismiss their WIS. STAT. § 422.505 claim in their brief-in-chief. Moreover, they do not develop any argument as to how or why NuMale qualifies as a credit services organization under WIS. STAT. § 422.501(2)(a) in either their brief-in-chief or reply brief. These are issues of law, for which argument by the Brazeaus, on appeal, was necessary for us to complete our de novo review of the merits of the motion to dismiss. We therefore do not consider whether the allegations in the second amended complaint were sufficient to state a claim for a violation of § 422.505.

---

[3] To the extent that NuMale may have been required to file an answer to the remaining contract claim within a certain amount of time after the circuit court decided the motion to dismiss, any challenge to NuMale's failure to do so was rendered moot by the stipulated dismissal of the contract claim.

¶11 Finally, the Brazeaus' contention that the circuit court failed to properly apply summary judgment methodology is misplaced because the record plainly shows that NuMale filed a motion to dismiss the second amended complaint for failing to state claim, not a motion for summary judgment. The court's reference to summary judgment therefore was nothing more than a misstatement, especially given the context of the court's other statements made on the record.

¶12 In sum, it was procedurally proper for the circuit court to decide NuMale's motion to dismiss the second amended complaint before a responsive pleading was filed. WISCONSIN STAT. § 802.06(2)(b) expressly authorizes such motions to be made and decided before a responsive pleading is filed.

*By the Court.—*Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.